LEROY ALLEYNE et al., Respondents, v FANNIE TOWNSLEY, Appellant.

The plaintiff landlords, Leroy and Isaline Alleyne, are the owners of a two-family dwelling located at 1538 President Street, Borough of Brooklyn, City of New York. The defendant, Fannie Townsley, rented the second-floor apartment on a

monthly basis in July 1983. In or about September 1983 the Alleynes served Townsley with a 30-day notice terminating her tenancy as of October 31, 1983. Ms. Townsley failed to vacate the premises, and a holdover proceeding was instituted in Civil Court. Townsley raised as a defense that the premises were occupied by three families in violation of the certificate of occupancy. As a result, the Civil Court proceeding was thereafter withdrawn and the instant action for ejectment instituted. The Alleynes successfully moved for summary judgment and Townsley has appealed. We affirm.

Although resort to a summary proceeding to regain possession of real property has become the rule rather than the exception (RPAPL art 7; 2 Warren's Weed, NY Real Property, Ejectment, § 1.01), the common-law action for ejectment still survives in New York and is more properly referred to as an action to recover possession of real property (RPAPL art 6). The common-law principles governing the ejectment action are unchanged, unless explicitly modified by statute. No statute abrogates the common-law rule that notice is unnecessary to maintain an ejectment action against a tenant who wrongfully holds over after expiration of a fixed and definite term (*see,* 13 Carmody-Wait 2d, NY Prac § 89:118). While the 30-day notice served on the defendant in September 1983 was intended by the landlords to comply with the requirements of Real Property Law § 232-a, being a condition precedent to maintaining summary eviction proceedings under RPAPL article 7, we agree with Special Term that this notice served equally well to convert the defendant's tenancy into one for a fixed and definite term. Indeed, the tenant concedes in her brief on appeal that "the notice terminated [her] tenancy as of October 31, 1983". We need not pass upon the soundness of the rule announced in *Haberman v Wager* (73 Misc 2d 732) and its progeny, which holds that a 30-day notice is required by Real Property Law § 232-a for each summary proceeding, because, in any event, those cases are inapposite since the instant action seeks the common-law remedy of ejectment and is not a statutory summary eviction proceeding. Gibbons, J. P., Weinstein, Brown and Niehoff, JJ., concur.