OPINION OF THE COURT
Memorandum.
*580 Judgment unanimously reversed with $10 costs and complaint dismissed.
In this ejectment action, the complaint alleges, and the answer admits, that defendant entered into possession pursuant to an oral month-to-month tenancy. There was nothing in the papers submitted on plaintiffs motion for summary judgment which would indicate that the tenancy was other than month to month. In the absence of contravening proof, the law presumes that where there is a general letting with a monthly rent reserved, an indefinite month-to-month tenancy is created (.Hungerford v Wagoner, 5 App Div 590; 1 Tiffany, Real Property § 170 [3d ed]). Under the circumstances, we see no merit in plaintiffs claim on appeal that the agreement was for a fixed monthly term rather than for an indefinite month-to-month tenancy.
Even apart from Real Property Law § 232-a, the common law requires the giving of a notice of termination to terminate a month-to-month tenancy (People ex rel. Botsford v Darling, 47 NY 666; Hungerford v Wagoner, supra; Klingenstein v Goldwasser, 27 Misc 536), and neither a summary holdover proceeding nor an ejectment action will lie in the absence of the giving of such notice. The ruling to the contrary in Aponte v Santiago (165 Misc 2d 968) should not be followed.
Kassoff, P. J., Scholnick and Chetta, JJ., concur.