OPINION OF THE COURT
Paul A. Victor, J.
Relief Requested
Defendants move to dismiss this ejectment action on the basis of lack of jurisdiction.
Plaintiffs cross-move for summary judgment pursuant to CPLR 3212.
Facts and Argument
The complaint in this action alleges that the defendants “entered upon [the] premises” at 34-32 Irwin Avenue in Bronx *148 County, and that they are “illegally residing in the basement of the premises” and refuse to vacate and give possession to the plaintiffs. The affidavit of defendant Arturo Trujillo recites that, “I have resided with my wife Maria Trujillo in the subject premise for the past 18 months. Our monthly rental is 18 months [sic].” The affidavit further recites that plaintiffs and defendants entered into a contract to purchase the premises; that the contract had been breached by the plaintiffs; and that an action for specific performance had been commenced by plaintiff in Supreme Court, Queens County.[1]
The defendants move to dismiss the action on the ground that the court lacks jurisdiction in that no “thirty day notice”[2] was served on the defendants. Defendants cite Gerolemou v Soliz (184 Misc 2d 579 [App Term, 2d Dept]) in arguing that such a notice is a prerequisite to the commencement of an ejectment action.
Plaintiffs maintain that occupancy by the defendants is unlawful, because the basement is unfit and unauthorized for human habitation. They argue that the motion to dismiss is not the proper remedy to address the purported requirement of service of a notice of termination, since the issue does not relate to personal jurisdiction or subject matter jurisdiction. Lastly, plaintiffs contend that no notice is required in ejectment actions, citing Aponte v Santiago (165 Misc 2d 968 [Civ Ct, NY County 1995, Suarez, J.]), and request that judgment be granted in their favor.
Law Relating to CPLR 3211 Motions
CPLR 3211 (a) provides in relevant part that: “A party may move for judgment dismissing one or more causes of action asserted against him in the ground that: 1. A defense is founded *149 on documentary evidence; 0r * * * 7. The pleadings fail to state a cause of action * * * .” When the sufficiency of the pleadings is attacked, the allegations contained in the complaint, as supplemented by the moving papers, “must be given their most favorable intendment” (Arrington v New York Times Co., 55 NY2d 433, 442, cert denied 459 US 1146; Dulberg v Mock, 1 NY2d 54, 56). As the Court stated in Ark Bryant Park Corp. v Bryant Park Restoration Corp. (285 AD2d 143, 150 [1st Dept 2001]):
“Generally, on a motion to dismiss made pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (see, CPLR 3026), and the court should accept as true the facts as alleged in the complaint, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (Leon v Martinez, 84 NY2d 83, 87-88; Morone v Morone, 50 NY2d 481, 484; Sotomayor v Kaufman, Malchman, Kirby & Squire, 252 AD2d 554; Fischbach & Moore v Howell Co., 240 AD2d 157). In those circumstances where the legal conclusions and factual allegations are flatly contradicted by documentary evidence, they are not presumed to be true or accorded every favorable inference (Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81, affd 94 NY2d 659; Kliebert v McKoan, 228 AD2d 232, lv denied 89 NY2d 802), and the criterion becomes ‘whether the proponent of the pleading has a cause of action, not whether he has stated one’ (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see also, Leon v Martinez, supra, at 88).” (Emphasis supplied.)
In addition to the pleadings the court may also consider evidentiary material submitted on the motion in order to remedy any defects in the complaint (Vorel v NBA Props., 285 AD2d 641 [2d Dept 2001]), and the salient issue for determination is ordinarily only “whether the facts as alleged fit within any cognizable legal theory” (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]).
Discussion and Conclusion
To the extent that the cross motion seeks summary judgment in favor of the plaintiffs, it is premature, as issue has not been joined. (Kline v Town of Guilderland, 289 AD2d 741 [3d Dept 2001].) The cross motion is accordingly denied.
*150 Plaintiffs contend that the motion to dismiss is not the proper vehicle to raise a challenge to the failure to serve the underlying notice to terminate, contending that the service of that notice does not affect the “jurisdiction” of the court. However, it is common in the context of summary proceedings for courts to dismiss petitions as “jurisdictionally defective” (see, e.g., Siegel v Kentucky Fried Chicken of Long Is., 108 AD2d 218 [2d Dept 1985], affd 67 NY2d 792 [1985] [a notice of termination signed by an agent or attorney who is not named in the lease is legally insufficient to terminate the tenancy]). Although the defect in the proceeding (if it is a defect) may or may not be termed a defect going to the “jurisdiction” of the court, it would appear to be logical to assume that if the proceeding is defective for want of a requisite notice to terminate, then the complaint fails to state a cause of action. Consequently, so as not to exalt form over substance, the court will consider the motion as addressed to the sufficiency of the complaint.
In Aponte v Santiago (165 Misc 2d 968 [Civ Ct, NY County 1995]), the court considered the same issue presented here. In that case, the tenants were holding over after the expiration of a lease of a basement apartment. Occupancy was said to be unlawful in that action, and the landlord brought an action for ejectment in the Civil Court of the City of New York. The court held, as is pertinent to the present inquiry (at 972):
“A further question which should be addressed is whether plaintiffs were required to serve a notice terminating defendant’s tenancy prior to the commencement of this action. At common law, a previous demand or notice to quit was unnecessary to commence an action to recover real property. (13 Carmody-Wait 2d, Action to Recover Real Property §§ 89-118, 89-119, at 722-723.) Since RPAPL article 6 did not modify this principle of the common law, service of a notice of termination is not required as a condition precedent in this action. (Alleyne v Townsley, supra; Southside Dev. Co. v Mitchell, 156 AD2d 268 [1st Dept 1989].) Consequently, a crucial distinction between the statutory summary proceeding previously commenced by plaintiffs and this action is the fact that a termination notice was not a jurisdictional predicate herein. (2 Warren’s Weed, op. cit., § 1.02.)” (Emphasis supplied.)
The plaintiffs contend that Aponte stands for the proposition that a notice to terminate is never required in an ejectment action. As further support for this argument, the plaintiffs rely *151 on Southside Dev. Co. v Mitchell (156 AD2d 268 [1st Dept 1989]). The underlying facts in that action are unclear, but the short memorandum decision contains the statement that (at 269), “The belated challenge to the service of the notice of termination, more than Mh years after the fact, is both untimely and irrelevant in an ejectment action (Alleyne v Townsley, 110 AD2d 674).”
To the extent that contrary cases have been cited by the defendants, the plaintiffs argue that a “split in authority” exists with cases arising in the Second Department. One such Second Department case is Gerolemou v Soliz (184 Misc 2d 579 [App Term, 2d Dept]). In Gerolemou, the court stated (at 580):
“Even apart from Real Property Law § 232-a, the common law requires the giving of a notice of termination to terminate a month-to-month tenancy (People ex rel. Botsford v Darling, 47 NY 666; Hungerford v Wagoner, supra; Klingenstein v Goldwasser, 27 Misc 536), and neither a summary holdover proceeding nor an ejectment action will lie in the absence of the giving of such notice. The ruling to the contrary in Aponte v Santiago (165 Misc 2d 968) should not be followed.” (Emphasis added.)
Indeed, as noted in the portion quoted above, the Gerolemou court purported to abrogate the rule in Aponte. However, the decision of the Appellate Term in Gerolemou is not binding on this court, since appeals from decisions of the Supreme Court are heard in the Appellate Division. Using similar reasoning, the Appellate Term, Second Department, has concluded that Appellate Division decisions are not binding on them with regard to those criminal matters which are appealed directly to the Court of Appeals. (People v Graham, 177 Misc 2d 542 [App Term, 2d Dept 1998], affd 93 NY2d 934 [1999].)
This court finds that Aponte is correctly decided, and that it is not in fact inconsistent with the rule enunciated in Gerolemou. It was stated in Alleyne v Townsley (110 AD2d 674, 675 [2d Dept 1985]) that, “No statute abrogates the common-law rule that notice is unnecessary to maintain an ejectment action against a tenant who wrongfully holds over after expiration of a fixed and definite term (see, 13 Carmody-Wait 2d, NY Prac § 89:118).” (Emphasis added.) Similarly, in one treatise it is reported that, “Notice to quit the premises is required when the tenancy is a month-to-month, a tenancy at will or at sufferance, or for an indefinite period. After the tenant is given a 30 day notice to terminate a month-to-month tenancy, further no *152 tice is unnecessary to maintain an ejectment proceeding.” (5 Warren’s Weed, New York Real Property, Ejectment § 3.02 [2001] [Demand; Notice to Quit].) The correct rule of law would appear to require that when there exists a subsisting landlord-tenant relationship, a notice to terminate is required, as was the case in Gerolemou, which involved a month-to-month tenant. In those cases in which there is a holding over after the expiration and no new landlord-tenant relationship is created (such as when the landlord does not accept rent after the expiration of the lease),[3] as appeared to be the case in Aponte, no notice to terminate is required.
It is not clear factually how the defendants came into possession. It is alleged that there was a contract of sale for the premises, but it is not clear if the defendants took possession as vendees as an incident of a contract of sale, or whether an actual tenancy was created — and if so, the nature and duration of the tenancy. There is also a question of merger, which has not been addressed by the parties. Depending on the circumstances, “execution of a contract of sale [for real property] between landlord and tenant serves to merge the landlord-tenant relationship into the vendor-vendee relationship and thus effectively terminates the former, unless the parties clearly intend the contrary result” (Barbarita v Shilling, 111 AD2d 200, 201-202).
Based on the forgoing, it has not been alleged, much less established, that a subsisting landlord-tenant relationship exists such that service of a notice is required in order to maintain an ejectment action. The motion is denied.

. It is not clear why the action for specific performance is venued in Queens County, since all parties appear to reside in Bronx County and the property is located in Bronx County.

. The court assumes that the parties make reference to Real Property Law § 232-a, entitled “Notice to terminate monthly tenancy or tenancy from month to month in the city of New York,” which recites: “No monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant, in the same manner in which a notice of petition in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom.”

. Compare, Matter of Joyous Holdings v Volkswagen of Oneonta, 128 AD2d 1002 (3d Dept 1987) (a month-to-month tenancy pursuant to Real Property Law § 232-c resulted at the expiration of the original lease upon petitioner’s continued acceptance of rent).