OPINION OF THE COURT
Manuel J. Mendez, J.
This ejectment action was referred to this court on October 5, 2004 for a traverse hearing on the question of service of the 30-day termination notice and the summons and complaint. The *224 court ordered the parties to submit memorandums of law in support of their respective positions and adjourned the hearing to November 5, 2004. The parties submitted their briefs; however, on November 4, 2004, plaintiff’s counsel via letter informed the court that plaintiff “will not be proceeding with the Traverse hearing.”* Although the question to be decided is moot as far as this case is concerned, this court feels it is necessary to render a decision on the facts as presented so as to provide guidance to litigants faced with similar circumstances in the future.
Facts
The main item of dispute in this action deals with the service of the 30-day termination notice. The process server made two attempts at service before resorting to service by conspicuous means. The first attempt was made at 6:34 p.m. and the second attempt was made at 9:18 a.m. the following morning. Defendant argues that the process server failed to exercise due diligence before resorting to an alternative mode of service and therefore service is not valid as it is not in compliance with CPLR 308.
Plaintiff argues that service of process is valid because the more stringent requirement of CPLR 308 is not the applicable standard in service of a 30-day termination notice (see Matter of Pepsi-Cola Metro. Bottling Co. v Miller, 50 Misc 2d 40 [1966]). CPLR 308 is only applicable to the summons and complaint whereas service of a 30-day termination notice is governed by the more liberal requirement of Real Property Law § 232-a.
Defendant counters that Real Property Law § 232-a is only applicable in the case of a summary proceeding and an ejectment action is not such a proceeding.
Legal Analysis
Historically, the only means for a landlord to regain possession of the premises was by common-law action of ejectment. However, the action of ejectment became so overburdened with procedural devices that it became an expensive and dilatory proceeding which in many instances amounted to a denial of *225 justice. Thus in 1820, the Legislature devised the statutory scheme of summary proceedings to remedy the situation and provide landlords with a simple, expeditious and inexpensive means of regaining possession of premises (Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1 [1984]; Reich v Cochran, 201 NY 450 [1911]).
The 1820 concept of summary proceedings was transferred to the Code of Civil Procedure (L 1880, ch 245), then to the Civil Practice Act (L 1920, ch 925), and finally within article 7 of the Real Property Actions and Proceedings Law (Zenila Realty Corp. v Masterandrea, supra). The basis for an ejectment action, on the other hand, lies in RPAPL article 6.
The law in this department is that when there is a valid landlord-tenant relationship, a predicate notice must be served on the defendant before commencement of an ejectment action (Kaur v Sobhey, 5 Misc 3d 1012[A], 2004 NY Slip Op 51341[U] [Civ Ct, NY County 2004]; Gerolemou v Soliz, 184 Misc 2d 579 [App Term, 2d Dept 2000]; Triborough Bridge & Tunnel Auth. v Wimpfheimer, 163 Misc 2d 412 [1994]; Weiden v 926 Park Ave. Corp., 154 AD2d 308 [1st Dept 1989]).
The authority for the holdings in the cases previously cited lie in the common law and Real Property Law § 232-a which reads as follows:
“No monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant, in the same manner in which a notice of petition in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom.” (Emphasis added.)
RPAPL article 6 ejectment actions are not summary proceedings; however, courts, in requiring that a 30-day termination notice be served, have in essence interpreted Real Property Law § 232-a as being a two part statute; one part of the statute addresses the notice requirement and its manner of service, the other addresses the contents of the notice. Thus, in finding that *226 Real Property Law § 232-a prohibits removal of a month-to-month tenant in the City of New York unless the 30-day notice is served in the same manner in which a notice of petition in summary proceedings is now allowed to be served, courts have determined that Real Property Law § 232-a addresses the manner in which service of the 30-day notice is to be made (see Lorenzo v Rivera, 132 Misc 2d 591 [1986]; Zamar v Fair, 153 Misc 2d 913 [1991]; 13A Carmody-Wait 2d § 90:29).
When the tenancy is not month-to-month but a tenancy at will or sufferance, Real Property Law § 228 determines the manner in which the tenancy may be terminated and also determines the manner of service of the 30-day termination notice (see Real Property Law § 228; Fisher v Queens Park Realty Corp., 41 AD2d 547 [1973]; Carman v Fox, 86 Misc 197 [1914]; Lippe v Professional Surgical Supply Co., 132 Misc 2d 293 [1986]; North Shore Community Servs. v Lehrfeld, 3 Misc 3d 436 [2004]; Boyar v Goodman, 202 AD2d 541 [1994]).
CPLR 101 states in part, “The civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute ...” (emphasis added).
CPLR 308 addresses the manner of service of process, mainly the summons and complaint by which an action is initiated. Real Property Law § 232-a addresses the manner of service of the 30-day termination notice by which a month-to-month tenancy is terminated (see Lorenzo v Rivera; Zamar v Fair, supra). Thus in accordance with CPLR 101, the Civil Practice Law and Rules does not apply to the manner of service of the 30-day notice to terminate a month-to-month tenancy in the City of New York as this is governed by Real Property Law § 232-a (see Ertischek v Blanco, 173 Misc 153 [1940]).
Accordingly, this court is of the opinion that the manner of service of the 30-day termination notice in an ejectment action where a month-to-month tenancy exists is governed by Real Property Law § 232-a which is the only statute that specifically addresses the manner of service of a 30-day termination notice in this situation. When the tenancy is one at will or sufferance then Real Property Law § 228 is the governing statute and not the CPLR.
The plaintiff, having informed the court that it will not be proceeding with the traverse hearing, has conceded that it cannot establish proper service of the 30-day termination notice or the summons and complaint. Therefore, the court is compelled to sustain the traverse and dismiss the action without prejudice.
*227 Accordingly, the traverse is sustained and the ejectment action is dismissed without prejudice.

 Upon receipt of this letter, the court contacted plaintiffs attorney requesting a stipulation resolving the traverse issue. Plaintiffs counsel informed the court that he was in the process of contacting his adversary regarding the re-service of the 30-day notice of termination and the summons and complaint. He was then ordered to provide a definite answer to the court by November 19, 2004. As of the date of this decision, the court has not heard from him.