*370 OPINION OF THE COURT
Wayne P. Saitta, J.
The plaintiff, Larry Kosa, moves to strike defendant’s affirmative defenses, sever her counterclaims, and for summary judgment on its ejectment action. Defendant, Detria Legg, cross-moves to dismiss the action and for summary judgment on her counterclaims for illegal eviction.
Plaintiff’s motion for summary judgment is denied and defendant’s cross motion to dismiss the action and for summary judgment as to liability on her counterclaims is granted, for the reasons set forth below.
This is an ejectment action brought pursuant to article 6 of the RPAPL in which plaintiff seeks to recover possession of an apartment occupied by defendant and for a money judgment against defendant for “rent and/or use and occupancy.” Defendant counterclaimed for damages from an illegal eviction stemming from an earlier summary proceeding, in which the Civil Court restored defendant to possession after she was evicted by the plaintiff.
Defendant entered into possession pursuant to a written lease for one year. After the expiration of the lease the defendant remained in possession and continued to pay rent which plaintiff accepted. At some point thereafter, the defendant ceased paying rent. Plaintiff served upon defendant a 30-day notice pursuant to Real Property Law § 232-a, dated April 28, 2005, and commenced the present ejectment action by service of a summons and complaint dated June 2, 2005.
Defendant argues that plaintiff should not be granted summary judgment because he has failed to submit the documentary evidence, such as the deed, to support his claim. Defendant also argues that the 30-day notice of termination served by the plaintiff is defective.
As to her counterclaims, defendant states that the Civil Court has already determined that plaintiff had illegally evicted the defendant and ordered her restored to possession. Plaintiff states that he is appealing the housing court determination, but admits there is no stay of that decision. Plaintiff seeks to sever the hearing on damages on defendant’s counterclaims.
Defendant’s objection that plaintiff failed to submit documentation to support his motion for summary judgment is misplaced. Plaintiff, having put in an affidavit asserting ownership, shifts the burden to the defendant to show that there is an actual *371 question as to the ownership. Also, defendant, having taken possession under a lease with plaintiff, cannot at this point challenge his title.
Defendant’s objection to the 30-day notice is more complicated. The defendant asserts that a notice pursuant to Real Property Law § 232-a is not a proper notice for an ejectment action, because it states that if the tenant does not remove after 30 days the landlord will commence a summary proceeding.
There is inconsistency in the recent case law as to whether any notice to quit is required in an ejectment action, and if so, what kind of notice is required.
RPAPL article 6 modified the common-law action of ejectment, but did not replace it. “The common-law principles governing the ejectment action are unchanged, unless explicitly modified by statute.” (Alleyne v Townsley, 110 AD2d 674, 675 [2d Dept 1985]; Aponte v Santiago, 165 Misc 2d 968 [Civ Ct, Bronx County 1995].) RPAPL article 6 did not add any notice requirements, but neither did it abolish those notices required under common law.
The common law did not require a notice to terminate a tenancy of a definite term, but did require a notice to quit to remove a tenant of an indefinite term by an ejectment action. (Gerolemou v Soliz, 184 Misc 2d 579 [App Term, 2d Dept 2000]; Alleyne v Townsley, 110 AD2d 674 [1985]; Hsiu v Trujillo, 192 Misc 2d 147 [Sup Ct, Bronx County 2002].)
There have been some recent cases which have held that no notice to quit is required before commencing an ejectment action. (Southside Dev. Co. v Mitchell, 156 AD2d 268 [1st Dept 1989]; Aponte v Santiago, 165 Misc 2d 968 [1995]; O’Connor v Gallier, 7 Misc 3d 1016[A], 2005 NY Slip Op 50632[U] [Sup Ct, Kings County 2005]; Fazio v Kelly, 2003 NY Slip Op 51276[U] [Civ Ct, Richmond County 2003].) However, upon closer examination these do not provide adequate support for that position.
In Southside Dev. Co. v Mitchell, the Appellate Division in the last fine of its decision found that a “belated” challenge to the service of the notice of termination is both untimely and irrelevant in an ejectment action, citing the case of Alleyne v Townsley. However, Alleyne does not stand for the proposition that a notice to quit or notice of termination is never required in an ejectment action. The Second Department held in Alleyne that “[t]he common-law principles governing the ejectment action are unchanged, unless explicitly modified by statute. No statute *372 abrogates the common-law rule that notice is unnecessary to maintain an ejectment action against a tenant who wrongfully holds over after expiration of a fixed and definite term.” (Alleyne at 675.)
In this present case, it is not alleged that defendant wrongfully held over after the expiration of the fixed term of one year in the lease, but that she continued to pay rent for a time after the expiration and the plaintiff accepted rent after the expiration of the lease term which created a month-to-month tenancy pursuant to Real Property Law § 232-a.
The court, in Aponte v Santiago, which held that common law does not require a notice of termination in order to bring an ejectment action, relied on Alleyne and Southside Dev. Co. (Aponte at 972.) However, as discussed above, Alleyne (on which the Court in Southside Dev. Co. relied) held only that no notice is required where a tenant holds over after expiration of a fixed term.
The court in Aponte also cited former 13 Carmody-Wait 2d §§ 89:118 and 89:119 for the proposition that common law did not require a notice to quit in order to commence an action to recover real property. However, 13A Carmody-Wait 2d § 89:114 explains that no notice to quit is required where a tenant holds over past a definite term, but is required where the tenancy is at will, or at sufferance, or month to month. As to month-to-month tenancies, it states: “Notice to quit must ... be given where a tenancy is from month-to-month, under the common law, and pursuant to a statute.” (13A Carmody-Wait 2d § 89:114.)
RPAPL article 6, which partially codified common-law ejectment, contains no requirement for a notice to quit or notice to terminate. However, at common law notice was required in cases of indefinite tenancies, but not in cases of tenancies of fixed and definite terms.
The logic of the distinction is that the parties had notice of the termination of a tenancy of a definite term by the very terms of the lease which set forth the date of termination. However, an indefinite tenancy, whether year to year, or a tenancy at will or sufferance would continue until one party to it chose to terminate it. It is axiomatic that the party terminating the tenancy had to make its decision to terminate manifest and known to the other party.
Similarly in O’Connor v Gallier (7 Misc 3d 1016[A], 2005 NY Slip Op 50632[U] [2005]), cited by plaintiff, the court relied on *373 cases that did not actually hold that no notice was required at common law prior to commencing an ejectment action. The court in O’Connor relied on Alleyne and East 82 v O’Gormley (295 AD2d 173 [1st Dept 2002]). As discussed above, Alleyne held only that where a tenant held over past a fixed and definite term no notice was required. The matter in East 82 involved an ejectment action of a tenant from a cellar apartment. The Court held that a notice of termination pursuant to Rent Stabilization Code (9 NYCRR) §§ 2524.2 and 2524.3 (c) was not required. The decision does not indicate whether any other notice to quit or notice of termination was served. The notices pursuant to rent stabilization apply only to rent-stabilized apartments and thus have no relevance to the question presented here.
In Fazio v Kelly (2003 NY Slip Op 51276[U] [2003]), the court rejected the holding of the Appellate Term, Second Department, in Gerolemou v Soliz (184 Misc 2d 579 [2000]), that a notice of termination is required in an ejectment action against a tenant of an indefinite tenancy (citing Aponte, Alleyne, and Hsiu v Trujillo, 192 Misc 2d 147 [2002]).
However, as discussed above, Alleyne does not hold that a notice to quit is not required in an ejectment action of an indefinite tenancy. Similarly, Aponte relied on Alleyne and other cases which in turn relied on Alleyne.
The court in Hsiu v Trujillo considered the apparent contradiction between Aponte and Gerolemou but did not conclude that a notice was never required in an ejectment action. That court, in fact, found that Aponte and Gerolemou are not inconsistent. It did so first by noting that the holding in Alleyne, on which Aponte is based, states that notice is unnecessary to maintain an ejectment action against a tenant who wrongfully holds over after expiration of a fixed and definite term. (Hsiu at 151.) The court then reconciles the two cases by stating:
“The correct rule of law would appear to require that when there exists a subsisting landlord-tenant relationship, a notice to terminate is required, as was the case in Gerolemou, which involved a month-to-month tenant. In those cases in which there is a holding over after the expiration and no new landlord-tenant relationship is created (such as when the landlord does not accept rent after the expiration of the lease), as appeared to be the case in Aponte, no notice to terminate is required.” (Id. *374 at 152.)
The court in Fazio correctly notes that the cases relied upon in Gerolemou were in fact summary proceedings and not common-law actions. Gerolemou cited the Third Department decision in Hungerford v Wagoner (5 App Div 590 [3d Dept 1896]), and the Court of Appeals in People ex rel. Botsford v Darling (47 NY 666 [1872]). Both of these cases were statutory summary proceedings in which there was a statutory requirement for a 30-day notice of termination. The statutory notice requirement in a summary proceeding is not relevant to the question of whether notice is required in an ejectment action or, if it is required, how much notice is required.
The confusion on this issue stems from several sources. First, New York State has provided a statutory summary proceeding as an alternative to common-law ejectment since 1820 and the common-law action has been rarely used since then. Second, the early summary proceedings were often referred to as ejectment proceedings rather than the more formal title of “Summary Proceedings to recover the Possession of Land.” This has obscured the fact that those statutes were the lineal ancestors of RPAPL article 7, not article 6.
Also, contributing to the confusion is the fact that RPAPL article 6 only partially codified the action of ejectment. The action is governed partially by the statute and partially by common-law procedures that have become enshrouded by time, and the laminations of oral tradition. Article 6 did not create any notice requirements, but also did not abolish the notices required at common law.
When cases and treatises from before the enactment of the original 1820 summary proceeding statute are examined, the notice requirements for ejectment at common law are clear.
The preeminent treatise on the common law of the period is Blackstone’s Commentaries, which divided estates “less than freehold” into three types: (1) estates for years, (2) estates at will and (3) estates by sufferance. (2 Blackstone’s Commentaries, ch 9, at 140.)
Blackstone noted that for the purposes of termination notice requirements, an estate or tenancy at will was treated as a year-to-year tenancy, stating:
“The law is however careful, that no sudden determination of the will by one party shall tend to the manifest and unforeseen prejudice of the other. This *375 appears in the case of emblements before-mentioned; and, by a parity of reason, the lessee, after the determination of the lessor’s will, shall have reasonable ingress and egress to fetch away his goods and utensils. And, if rent be payable quarterly or half yearly, and the lessee determines the will, the rent shall be paid to the end of the current quarter or half-year. And, upon the same principle, courts of law have of late years leaned as much as possible against construing demises, where no certain term is mentioned, to be tenancies at will; but have rather held them to be tenancies from year to year so long as both parties please, especially where an annual rent is reserved: in which case they will not suffer either party to determine the tenancy even at the end of the year, without reasonable notice to the other.” (2 Blackstone’s Commentaries, ch 9, § 2, at 146-147.)
After the American Revolution, St. George Tucker, a law professor at the University of William and Mary and a Judge of the General Court of Virginia, republished Blackstone’s Commentaries with annotations relating to American law. Commenting on the above-quoted passage on the requirement of reasonable notice to terminate a tenancy at will or from year to year, he comments “they will not suffer either party to determine the tenancy even at the end of the year, without reasonable notice to the other, which is generally understood to be six months.” (3 St. George Tucker, Blackstone’s Commentaries: with Notes of Reference to the Constitution and Laws of the Federal Government of the United States and of the Commonwealth of Virginia, ch 9, at 147 [1803].)
This six-month notice of termination or notice to quit is consistent with the New York cases involving common-law ejectment, before the enactment of summary proceedings.
In the case of Jackson v Bryan (1 Johns 322 [May Term 1806]), the majority upheld a lower court decision to nonsuit (dismiss) a plaintiffs ejectment action for failing to serve a notice to quit. Writing for the majority, Judge Spencer held “[a] lease at will is now considered a lease from year to year, which cannot be vacated without half a year’s notice to quit” (id. at 326), explaining,
“Tenancies at will exist nominally, and good policy, as well as common justice, seems to demand, that a holding, for an indefinite period, should be construed *376 a tenancy from year to year; that no sudden determination of the estate, by the caprice of the lessor, should immediately dispossess the tenant.” (Id.)
Tenancies at will were treated as estates from year to year for purposes of notice to quit only, but for other purposes, were still tenancies at will. (Phillips v Covert, 7 Johns 1 [Nov. Term 1810]; Jackson v Wilsey, 9 Johns 267 [Oct. Term 1812]; Jackson v Miller, 7 Cow 747 [Oct. Term 1827].)
In an ejectment action brought against a mortgagor by a mortgagee, the majority held that because a mortgagor held land for an indefinite period he was entitled to a notice to quit and “[i]f a notice be requisite, to be reasonable, it should be delivered six calendar months previous to the service of a declaration” (Jackson v Laughhead, 2 Johns 75, 76 [Nov. Term 1806]). (Ejectment actions were not confined to landlord tenant relationships. They had, through the use of legal fictions, come to be used to resolve questions of title.)
In response to the delay engendered by the common-law notice requirements, the Legislature created the summary proceeding as an alternate to an action for ejectment. (Rowan v Lytle, 11 Wend 616 [1834].)
The first summary proceeding statute was enacted in 1820 and allowed a landlord to make an oath in writing of a holding over by a tenant and apply for a summons requiring the tenant to appear within five days to show cause why the landlord should not be put in possession. (L 1820, ch CXCIV) The act also provided “[t]hat in case of a tenancy at will or sufferance, the landlord or lessor shall give three months notice in writing to the tenant or tenants of the premises, requiring him or them to remove therefrom, before applying to a magistrate for relief under this act.” (Id.)
The Legislature chose to deal with the perceived problems of the lengthy common-law notice requirements, not by shortening the notice requirements for an ejectment action, but by creating a summary proceeding as an alternative to it. Although the summary proceeding was available in cases of a “tenant or lessee at will, or at sufferance, or for part of a year, or one or more years, or from year to year,” it established the three-month notice provision only for tenancies at will or at sufferance. The act contained no notice requirement in the case of tenancies for one or more years or from year to year. (Id.)
The Legislature did not include year-to-year tenancies within the provision requiring only a three-month notice to quit, or *377 otherwise reduce or eliminate the common-law rule of a six-month notice to quit. The common-law notice requirements as to such tenancies was thus retained as was the common-law rule that no notice was required for tenancies that had a definite termination date.
The New York Supreme Court interpreted the new statute as applied to a tenancy at will in the case of Bradley v Covel (4 Cow 349 [Feb. Term 1825]). The Court held that the statutory three-month notice to quit merely converted the tenancy at will to a tenancy from year to year, and that the owner must in addition serve the six-month common-law notice to quit before he can recover possession. The Court expressed some frustration at the rule commenting:
“This manner of terminating a tenancy at will is of but little use; for it leaves the landlord, as to the rent, in the same situation as before, and imposes the necessity of a six months notice to quit on the day of the year corresponding to that on which the first notice expires. Without this, the landlord would still be unable to sustain an ejectment. Doe v. Bell, 5 Term. R. 471. With this consequence, however, we have nothing to do.” (Covel at 350-351.)
In 1828 the Legislature acted to reverse the Covel decision. They first amended the summary proceeding act, so that it no longer provided a specific time period for a notice to quit for tenancies at sufferance and at will. (2 Rev Stat of NY, part III, ch VIII, tit X, art 2, § 31 [1st ed 1828].) As amended, section 31 required only that the tenancy be terminated by giving notice in the manner prescribed by law. The Legislature then enacted a separate statute which reduced the notice period from three months to one month for tenancies at will or at sufferance. (1 Rev Stat of NY, part II, ch I, tit IV § 7, at 745 [1st ed 1828].)
They also enacted a statute that ehminated the requirement, imposed by Covel, that in the case of tenancies at will or sufferance, an owner serve both a notice under the summary proceeding statute and the six-month notice to commence an ejectment action. The new act provided that “[a]t the expiration of one month from the service of such notice, the landlord may reenter, or maintain ejectment, or proceed in the manner prescribed by law, to remove such tenant, without any further or other notice to quit” (1 Rev Stat of NY, part II, ch I, tit IV § 9, at 745 [1st ed 1828] [emphasis added].)
*378 According to the Revisers’ Reports and Notes, the addition of the phrase “without any further or other notice to quit” was adopted in direct response to Bradley v Covel, to reverse its rule that although a tenancy at will is terminated by the three-month notice, a further notice of six months was necessary to remove the tenant. (3 Rev Stat of NY, Revisers’ Reports and Notes, at 599 [2d ed 1835].)
These new statutes thus allowed tenancies at will and at sufferance to be terminated on one month’s notice and allowed the landlord to remove such a tenant either by summary proceeding or ejectment without further notice.
Thus, the specific requirements for notices to quit were no longer contained in the summary proceeding statute, but in the new sections 7 and 9 of part II, chapter I, title IV of the Revised Statutes. These sections also ended the common-law rule that tenancies at will be treated as a tenancy from year to year for notice purposes. From this point on, the notice requirements for ejectment actions in cases involving tenancies at will and at sufferance would be governed by statute, while those involving tenancies from year to year would remain governed by common law.
The Legislature did not apply either section 7, which provided one-month notice, or section 9, which allowed the landlord to recover possession without further notice, to tenancies from year to year. This may be explained by the fact that these new sections were enacted in response to Covel which only required the second notice in cases of tenancies at will. Additionally, the original 1820 statute, which the court in Covel was interpreting, only dealt with notice to quit requirements for tenancies at will and at sufferance, not tenancies from year to year.
Significantly, the same year the Legislature enacted part II, chapter I, title IV §§ 7 and 9, it also retained the action of ejectment. It provided that “[t]he action of ejectment is retained, and may be brought in the cases and the manner heretofore accustomed, subject to the provisions herein after contained.” (2 Rev Stat of NY, part III, ch V tit I, § 1 [1st ed 1828].) The remainder of title I did not provide any new notice requirements, nor did it abolish any common-law notices.
By this time, New York had two alternate routes to recover possession. One was the 1820 summary proceeding act which was amended as part III, chapter VIII, title X, article 2, §§ 28 and 31 of 2 Revised Statutes (1st ed 1828). The other was the common-law action of ejectment as modified in 2 Revised Statutes of New York, part III, chapter V title I, § 1 (1st ed 1828).
*379 The only statutory notice requirements that applied to either the summary proceeding or action for ejectment were the requirements relating to tenancies at will and at sufferance contained in sections 7 through 9 of part II, chapter I, title IV of the Revised Statutes. The notice requirements as to other tenancies were still governed by the common law.
The 1820 summary proceeding act, as amended by sections 28 and 31 of part III, chapter VIII, title X, article 2 of the Revised Statutes, was replaced by Code of Civil Procedure §§ 2231 through 2265 in 1876, then by article 83, §§1420 through 1447 of the Civil Practice Act, and eventually by article 7 of the RPAPL.
The notice requirements for tenancies at will and at sufferance of sections 7, 8 and 9 of part II, chapter I, title IV of the Revised Statutes were recodified in 1896 as section 198 of the Real Property Law without any substantive change. By 1909, they were renumbered as the current Real Property Law § 228. This section was never amended to cover any tenancies in addition to tenancies at will and at sufferance.
Title I of chapter V of part III of the Revised Statutes, which partially codified ejectment actions, was repealed in 1875 and replaced by Code of Civil Procedure §§ 1496 through 1531. This in turn was replaced by Civil Practice Act §§ 990 through 1011, and then finally by article 6 of the RPAPL. None of the various partial codifications of the action of ejectment ever entirely replaced the common-law action. Neither did any of the codifications modify the common-law notice requirements, except the above sections relating to tenancies at will and at sufferance, now embodied in Real Property Law § 228.
In this present case, the initial lease was for one year and contained a yearly rent of $13,800. The defendant herein held over past the expiration of the term of the lease and the plaintiff accepted rent past the expiration. Pursuant to Real Property Law § 232-c, the defendant is a month-to-month tenant, not a tenant at will, under these circumstances.
The issue that must be addressed is what are the common-law notice requirements to remove a month-to-month tenant through an ejectment action. A difficulty in resolving this issue is that month-to-month tenancies were not known at common law, but were created by statute.
Real Property Law § 232-a provides for a 30-day notice of termination in the case of a month-to-month tenant. However, *380 Real Property Law § 232-a by its express terms applies only to summary proceedings. It requires the notice of termination to specifically state that if the tenant does not remove on the day the notice indicates the term expires the landlord will commence summary proceedings. It makes no provision for a landlord commencing an action for ejectment pursuant to such a notice. (Real Property Law § 232-a.)
This notice requirement was originally enacted in 1882 and was entitled “An Act in relation to summary proceedings to remove monthly tenants in the city of New York for holding over” and contained the same requirement as Real Property Law § 232-a, that the notice of termination state that “the landlord elects to terminate the tenancy, and that, unless the tenant removes from said premises on the day on which his term expires, the landlord will commence summary proceedings under the statute to remove such tenant therefrom.” (L 1882, ch 303.)
This act originally required only a five-day notice to terminate a monthly tenancy. It was amended in 1889 to extend its coverage to Brooklyn (L 1889, ch 357). The act was amended again in 1920 to cover month-to-month tenancies and to extend the notice period from 5 days to 30 days. (L 1920, ch 209.) The amended act was replaced by the adoption of Real Property Law § 232-a in 1939.
It is clear from text of Real Property Law § 232-a, its predecessors acts, and the original title of the 1882 act, that its notice of termination provisions applied only to summary proceedings. The section specifically provides that notice must state that if the tenant does not remove the landlord will commence summary proceedings to remove him. There is no reason for the Legislature to have required the notice to explicitly state that the landlord would bring a summary proceeding in the event the tenant did not remove, if they intended that the notice could be used for an ejectment action.
The Legislature could have provided that if the tenant did not remove after 30 days, the landlord could commence either summary proceedings or an ejectment action, as they had done for cases of tenancies at will through Real Property Law § 228 and its predecessors. However, the Legislature did not do so. Although the act was amended several times, it was never amended to cover ejectment actions.
A literal reading of Real Property Law § 232-a would support the conclusion that a month-to-month tenant can only be *381 removed by summary proceedings, not by a common-law ejectment action. Since the month-to-month tenancy was created by statute (Real Property Law § 232-c), and unknown at common law, it could only be terminated by the statutory summary proceedings as provided in Real Property Law § 232-a.
While such an interpretation gives the text its plainest meaning, there is an insufficient basis to hold that the Legislature intended to bar owners from removing a month-to-month tenant through an ejectment action. Ejectment actions are available to anyone claiming a superior right to possession. There were never any amendments to RPAPL article 6 or the prior Civil Practice Act §§ 990 through 1011 to bar owners from removing month-to-month tenants through an ejectment action.
An interpretation of Real Property Law § 232-a, consistent with the long history of both the common law and summary proceeding legislation, is that it applies only to summary proceedings and has no applicability to ejectment actions. It neither bars owners from using an ejectment action to remove a month-to-month tenant, nor does its 30-day notice requirement replace the common-law notice requirements for an ejectment action.
There is one case in which the Civil Court of Kings County held that a section 232-a notice is applicable to ejectment actions. (Ricciardo v Ricciardo, 6 Misc 3d 223 [Civ Ct, Kings County 2004].) That case involved the question of the proper manner of service of a notice of termination in an ejectment action. The court starts with the assumption that the proper notice in an ejectment action is a 30-day notice pursuant to Real Property Law § 232-a. The court in Ricciardo notes that courts have “in essence interpreted Real Property Law § 232-a as being a two part statute; one part of the statute addresses the notice requirement and its manner of service, the other addresses the contents of the notice.” (6 Misc 3d at 225.)
The court then discusses the manner of service requirements but cites no authority for the proposition that Real Property Law § 232-a applies to ejectment actions. The court opines that “the manner of service of the 30-day termination notice in an ejectment action where a month-to-month tenancy exists is governed by Real Property Law § 232-a which is the only statute that specifically addresses the manner of service of a 30-day termination notice in this situation.” (6 Misc 3d at 226.)
There are three problems with this conclusion. First, it starts from the assumption that the notice required in an ejectment *382 action involving a month-to-month tenancy is 30 days, without stating a basis for that assumption.
Second, it concludes that since Real Property Law § 232-a is the only statute containing requirements for notices of termination in cases of month-to-month tenancies, it must apply to ejectment actions. This assumes that notices of termination in ejectment actions must be governed by a statute. It ignores the fact that ejectment actions are only partially codified and much of the procedure for such actions are not governed by statute, but by common law. The notice to quit requirements, as to tenancies other than at will and at sufferance, are among those procedures never codified.
Third, the decision ignores the text and history of Real Property Law § 232-a and its predecessor statutes, which demonstrate that they were enacted to apply only to summary proceedings.
In this present case, the lease between the parties was for one year and reserved an annual rent. Further, defendant held over past the expiration of the lease and the plaintiff accepted rent after the expiration of the lease. Under these circumstances, the resulting tenancy would have been considered a tenancy from year to year at common law.
Further, the year-to-year tenancy is the common-law estate most closely analogous to a month-to-month tenancy. Both the year-to-year and month-to-month tenancies differ from a tenancy for years in that they are not for a definite term but continue indefinitely until they are terminated by a party. Since they Eire indefinite tenancies they are entitled to notice to quit at common law. Both also differ from a tenancy at will or at sufferance, which can be terminated at any time. Unlike tenancies at will or sufferance, they can only be terminated at the end of a recurring term. Once the tenant from year to year or month to month holds over past the last term, and the owner accepts rent, then a new term is imposed by operation of law. Neither side may terminate the tenancy before the end of that term.
Most importantly, statutory modifications of common law must be strictly construed. The statutory notice requirements in the Revised Statutes and later Real Property Law § 228 abrogated the common-law six-month notice requirement in the cases of tenancies at will and at sufferance only. Those sections by their terms did not apply to year-to-year tenancies. The derogation from common law should not be extended to apply to month-to-month tenancies, absent the express intent of the *383 Legislature. Similarly, the notice requirements from summary proceedings in Real Property Law § 232-a should not be read to replace common-law notice requirements in ejectment actions, absent clear legislative language and intent.
The Legislature has not adopted any notice requirements for removing month-to-month tenants through ejectment actions, nor has it specifically abolished the common-law six-month notice requirements for ejectment actions in cases involving month-to-month tenants.
By reason of the foregoing, the common-law requirement of a six-month notice to quit before a tenant may be removed through an ejectment action applies to month-to-month tenancies.
As plaintiff did not give the defendant a six-month notice to quit, but only served a 30-day notice of termination pursuant to Real Property Law § 232-a, plaintiff is not entitled to summary judgment. As plaintiff did not give the six-month notice required by common law, the complaint must be dismissed.
As to defendant’s counterclaims, plaintiff concedes that the finding of the Civil Court that plaintiff illegally evicted defendant is res judicata, and that there is no stay of that decision pending appeal. By reason of the foregoing, the court grants defendant summary judgment as to liability on her illegal eviction counterclaim.
Wherefore, by reason of the foregoing, plaintiffs motion for summary judgment is denied, and the court grants defendant summary judgment dismissing the complaint, as well as summary judgment as to liability on her counterclaims. Defendant’s counterclaims will be tried as to damages only.