■ TRUMP PLAZA OWNERS, INC., Respondent, v DOROTHEA M. WEITZNER, Appellant. TRUMP PLAZA OWNERS, INC., Appellant, v DOROTHEA M. WEITZNER, Respondent. [849 NYS2d 554]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered June 27, 2007, which granted plaintiff cooperative a preliminary injunction enjoining defendant tenant-shareholder from yelling and/or screaming in any common areas of the building located at 167 East 61st Street, New York, New York, or within her own apartment (39D), so as to be audible in other apartments or common areas of the building; threatening or harassing building occupants or the cooperative's employees; communicating in any manner with the occupants of apartment 39E; engaging in conduct that interferes with the rights and quiet enjoyment of other building occupants; and violating paragraph 18 of her proprietary lease and paragraph 5 of the House Rules appended to the lease; and order, same court and Justice, entered June 27, 2007, which granted tenant's motion for summary judgment to the extent of dismissing the first, second and third causes of action of the complaint without prejudice, unanimously modified, on the law and the facts, the matter remanded to Supreme Court with direction to specifically set forth in the injunction the proscribed conduct and to order the cooperative to file an undertaking in an amount to be fixed by the court; the first, second and third causes of action of the complaint reinstated; and otherwise affirmed, without costs.

We find that, in voting to terminate the tenant's lease, the cooperative board acted for the purposes of the cooperative, within the scope of its authority, and in good faith (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 537-538 [1990]; see also 40 W. 67th St. v Pullman, 100 NY2d 147, 154-155 [2003]), and that, for purposes of the preliminary injunction, the cooperative amply demonstrated the likelihood of succeeding on the merits, irreparable injury due to the tenant's refusal to cease her objectionable conduct, and the balance of equities tipping in the cooperative's favor (see Doe v Axelrod, 73 NY2d 748, 750 [1988]). However, the injunction does not indicate to the tenant specifically all the acts she is restrained from doing (see Xerox Corp. v Neises, 31 AD2d 195, 197-198 [1968]). Paragraph 18 (b) of the proprietary lease and House

Rule 5 merely prohibit "unreasonable noises or anything that will interfere with the rights of other lessees or unreasonably annoy them," and "any disturbing noises" or anything "that will interfere with the rights, comfort or convenience of other owners," respectively. Additionally, the injunction does not require the cooperative to post an undertaking (*see* CPLR 6312 [b]).

We further find that the dismissal without prejudice of the cooperative's causes of action seeking termination of the lease, ejectment, and a declaration that it may sell the tenant's shares at auction, on the ground that it failed to provide the tenant with notice at the address provided in the lease, was unwarranted. The record demonstrates that notice was sent to the tenant at her post office box, that she actually received the notice, and that the cooperative attempted to cure, after the action was commenced, by sending several letters to the tenant at both addresses (*see generally Rower v West Chamson Corp.*, 210 AD2d 7 [1994]; *East 82 v O'Gormley*, 295 AD2d 173 [2002]). Concur—Tom, J.P., Saxe, Friedman and Buckley, JJ. [*See* 16 Misc 3d 1115(A), 2007 NY Slip Op 51437(U).]