769 E. LLC v Ofori (2024 NY Slip Op 01977)

769 E. LLC v Ofori

2024 NY Slip Op 01977

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Oing, J.P., Friedman, Kapnick, Scarpulla, Pitt-Burke, JJ. 

Index No. 32088/20 Appeal No. 2013 Case No. 2023-04825 

[*1]769 East LLC, Plaintiff-Appellant,
v
Victor Ofori, Defendant-Respondent, John Doe, et al., Defendants.

Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens (Matthew J. Routh of counsel), for appellant.
Mobilization for Justice, Inc., Bronx (Emilio Paesano of counsel), for respondent.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered August 15, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its ejectment cause of action, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff made a prima facie showing of entitlement to judgment as a matter of law on its ejectment cause of action by submitting evidence that it owned the subject one-family property and that defendant was occupying the second floor without its consent (see 247 E. 32nd LLC v Gasparich, 95 AD3d 790, 791 [1st Dept 2012], lv denied 20 NY3d 984 [2012]). Plaintiff's ownership of the property was presumptively established by its submission of a certified copy of the recorded deed transferring the property from Wilmington Savings Fund Society, FSB, to plaintiff in April 2019 (see Southern Assoc. v United Brands Co., 67 AD2d 199, 202-203 [1st Dept 1979]; see also Manhattan Life Ins. Co. v Continental Ins. Cos., 33 NY2d 370, 372 [1974]; Matter of Myers v Key Bank, 68 NY2d 744, 746 [1986]). Plaintiff also submitted an affidavit with evidence showing that the person who signed the deed on behalf of Wilmington's servicer was authorized. In opposition, defendant did not submit any evidence sufficient to rebut the presumption of plaintiff's ownership of the property. Defendant questioned the authority of the person who signed the deed on behalf of Wilmington, which acquired the property in a foreclosure sale, and argued that the certificate of conformity on the affidavit failed to comply with CPLR 2309. The authority of the servicer to act for Wilmington as attorney in fact is set forth in the judgment confirming the Referee's report in the foreclosure action. To the extent the certificate of conformity did not comply, that is "a mere irregularity, and not a fatal defect" (Wager v Rao, 178 AD3d 434, 435 [1st Dept 2019] [internal quotation marks omitted]), and did not prejudice defendant (see Citimortgage, Inc. v Zagoory, 198 AD3d 715, 717 [2d Dept 2021]).
Plaintiff contends on appeal that it was not required to serve defendant with a 30-day notice of termination in an ejectment action, but that it nevertheless did so. Assuming that such predicate notice was required in a common-law ejectment action when the defendant is a tenant at will or by sufferance (Real Property Law § 228; compare Southside Dev. Co. v Mitchell, 156 AD2d 268, 269 [1st Dept 1989]; Hsiu v Trujillo, 192 Misc 2d 147, 150-152 [Sup Ct, Bronx County 2002], with Gerolemou v Soliz, 184 Misc 2d 579, 580 [App Term, 2d Dept 2000]), defendant admits that he actually received a 30-day notice of termination served at his property. He also received notices of plaintiff's intent to terminate his tenancy through the prior unsuccessful holdover petitions to remove him. Under these circumstances, dismissal based on insufficiency of the notice of termination would not be warranted (see Trump Plaza Owners, Inc. [*2]v Weitzner, 47 AD3d 525, 526 [1st Dept 2008]; East 82 v O'Gormley, 295 AD2d 173, 174 [1st Dept 2002]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024