People v Braymiller (2025 NY Slip Op 50106(U))

[*1]

People v Braymiller

2025 NY Slip Op 50106(U)

Decided on January 31, 2025

Justice Court Of The Town Of Orchard Park, Erie County

Pastrick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 31, 2025
Justice Court of the Town of Orchard Park, Erie County

The People of the State of New York,

against
David C. Braymiller, Defendant.

Docket No. 25010058

For the People:
Nathan Zobrest, Esq.
Erie County District Attorney's Office
25 Delaware Avenue
Buffalo, New York 14202
For defendant:
Leonard D. Zaccagnino, Esq.
4819 South Park Avenue
Hamburg, New York 14075

Michael J. Pastrick, J.

Defendant is charged with, inter alia, felony aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]; § 1193 [1] [c] [i]), felony driving while intoxicated (§ 1192 [3]; § 1193 [1] [c] [i]), and misdemeanor driving while intoxicated (§ 1192 [3]). At his arraignment, the court issued a suspension of defendant's license, as required by Vehicle and Traffic Law § 1193.
Defendant now asks the court to grant a hardship privilege pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (e). Under these circumstances, however, the court is powerless to grant such a privilege, and defendant's request is denied.
***
Pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (e), a court "may grant a hardship privilege" permitting the defendant to operate a vehicle for the limited purposes of
"travel to or from the [their] employment, to or from necessary medical treatment for [defendant] or a member of [defendant's] household, or[,] if [defendant] is a matriculating student enrolled in an accredited school, college or university[,] travel to or from such [educational setting] if such travel is necessary for the completion of the educational degree or certificate."
That hardship privilege, however, is available only where "the suspension [is] imposed pursuant to . . . subparagraph [(7)]" of Vehicle and Traffic Law § 1193 (2) (e). Suspension [*2]pursuant to that subparagraph is triggered by "excessive blood alcohol content" (BAC) (§ 1193 [2] [e] [7]), and here the driver's license of defendant could be suspended for that reason inasmuch as he is alleged to have had a BAC of .18% at the time of his arrest. 
Suspension in this matter, however, is accomplished pursuant to subparagraph (1) of Vehicle and Traffic Law § 1193 (2) (e). Pursuant to that subparagraph, "the court shall"—that is, must—"suspend [the] license" of a defendant where that person is charged with a violation of, inter alia, Vehicle and Traffic Law §§ 1192 (2), (2-a), or (3), and that person "has been convicted of any violation of under [Vehicle and Traffic Law § 1192] within the preceding five years" (§ 1193 [2] [e] [1]). Here, the record reflects that defendant was convicted, upon his plea of guilty, of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) in Orchard Park Village Court on September 7, 2023.
That prior conviction prompts suspension of the driver's license of defendant by operation of subparagraph (1) of Vehicle and Traffic Law § 1193 (2) (e) in this proceeding. Inasmuch as the hardship privilege sought by defendant may apply only where the suspension is achieved pursuant to subparagraph (7) of § 1193 (2) (e) (see § 1193 [2] [e] [7] [e]), this court has no authority under the law and is without discretion to grant the hardship relief that he now seeks.
Finally, in so concluding, the court notes its findings that the accusatory instrument conforms to the requirements of CPL 100.40, that "there exists reasonable cause to believe that [defendant] operated a motor vehicle in violation of [Vehicle and Traffic Law § 1192 (2-a) (a) and § 1192 (3)]," and that defendant "had been convicted of any violation under [§ 1192] within the preceding five years" (see § 1193 [2] [e] [1] [b]). To the extent defendant wishes "to make a statement regarding th[ose] . . . issues and to present evidence tending to rebut [those] findings," he may do so at his next scheduled appearance (presently set February 18, 2025), or at an earlier time (see § 1193 [2] [e] [1] [b]) of mutual convenience to defendant and the court. 

 ***
Accordingly, for all of those reasons, defendant's request for a hardship privilege pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (e) is denied. 
Dated: January 31, 2025
Hon. Michael J. Pastrick