People v Braymiller (2025 NY Slip Op 50106(U))

[*1]

People v Braymiller

2025 NY Slip Op 50106(U) [85 Misc 3d 1206(A)]

Decided on January 31, 2025

Justice Court Of The Town Of Orchard Park, Erie County

Pastrick, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 31, 2025
Justice Court of the Town of Orchard Park, Erie
County

The People of
the State of New York,

against
David C. Braymiller, Defendant.

Docket No. 25010058

For the People:
Nathan Zobrest, Esq.
Erie County District
Attorney's Office
25 Delaware Avenue
Buffalo, New York 14202
For defendant:
Leonard D. Zaccagnino, Esq.
4819 South Park Avenue
Hamburg, New York 14075

Michael J. Pastrick, J.

Defendant is charged with, inter alia, felony aggravated driving while intoxicated
(Vehicle and Traffic Law § 1192 [2-a] [a]; § 1193 [1] [c] [i]), felony driving
while intoxicated (§ 1192 [3]; § 1193 [1] [c] [i]), and misdemeanor driving
while intoxicated (§ 1192 [3]). At his arraignment, the court issued a suspension of
defendant's license, as required by Vehicle and Traffic Law § 1193.
Defendant now asks the court to grant a hardship privilege pursuant to Vehicle and
Traffic Law § 1193 (2) (e) (7) (e). Under these circumstances, however, the court is
powerless to grant such a privilege, and defendant's request is denied.
***
Pursuant to Vehicle and Traffic Law § 1193
(2) (e) (7) (e), a court "may grant a hardship privilege" permitting the defendant to
operate a vehicle for the limited purposes of
"travel to or from the [their] employment, to or from necessary medical
treatment for [defendant] or a member of [defendant's] household, or[,] if [defendant] is
a matriculating student enrolled in an accredited school, college or university[,] travel to
or from such [educational setting] if such travel is necessary for the completion of the
educational degree or certificate."
That hardship privilege, however, is
available only where "the suspension [is] imposed pursuant to . . . subparagraph [(7)]" of
Vehicle and Traffic Law § 1193 (2) (e). Suspension [*2]pursuant to that subparagraph is triggered by "excessive
blood alcohol content" (BAC) (§ 1193 [2] [e] [7]), and here the driver's license of
defendant could be suspended for that reason inasmuch as he is alleged to have had a
BAC of .18% at the time of his arrest. 
Suspension in this matter, however, is accomplished pursuant to subparagraph (1) of
Vehicle and Traffic Law § 1193 (2) (e). Pursuant to that subparagraph, "the court
shall"—that is, must—"suspend [the] license" of a defendant where
that person is charged with a violation of, inter alia, Vehicle and Traffic Law
§§ 1192 (2), (2-a), or (3), and that person "has been convicted of any
violation of under [Vehicle and Traffic Law § 1192] within the preceding five
years" (§ 1193 [2] [e] [1]). Here, the record reflects that defendant was convicted,
upon his plea of guilty, of driving while intoxicated in violation of Vehicle and Traffic
Law § 1192 (3) in Orchard Park Village Court on September 7, 2023.
That prior conviction prompts suspension of the driver's license of defendant by
operation of subparagraph (1) of Vehicle and Traffic Law § 1193 (2) (e) in this
proceeding. Inasmuch as the hardship privilege sought by defendant may apply only
where the suspension is achieved pursuant to subparagraph (7) of § 1193 (2) (e)
(see § 1193 [2] [e] [7] [e]), this court has no authority under the law and is
without discretion to grant the hardship relief that he now seeks.
Finally, in so concluding, the court notes its findings that the accusatory instrument
conforms to the requirements of CPL 100.40, that "there exists reasonable cause to
believe that [defendant] operated a motor vehicle in violation of [Vehicle and Traffic
Law § 1192 (2-a) (a) and § 1192 (3)]," and that defendant "had been convicted
of any violation under [§ 1192] within the preceding five years" (see §
1193 [2] [e] [1] [b]). To the extent defendant wishes "to make a statement regarding
th[ose] . . . issues and to present evidence tending to rebut [those] findings," he may do
so at his next scheduled appearance (presently set February 18, 2025), or at an earlier
time (see § 1193 [2] [e] [1] [b]) of mutual convenience to defendant and the
court. 

 ***
Accordingly, for all of those reasons, defendant's request for a hardship privilege
pursuant to Vehicle and Traffic Law § 1193 (2) (e) (7) (e) is denied. 
Dated: January 31, 2025
Hon. Michael J. Pastrick