| Matter of White |
|:---:|
| 2025 NY Slip Op 33968(U) |
| October 23, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2010-0418/C |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

ENTERED

OCT 2 3 2025

DATA ENTRY DEPT
New York County Surrogate's Court

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------------x

In the Matter of the Petition of Ronald White as Executor to
Render and Settle his Account as Executor of the Estate of

HELEN HAM WHITE,

Deceased.

-----------------------------------------------------------------------------x

Lawrence White,

Petitioner,

v.

Ronald White and Bruce White,

Respondents.

(Transferred from Supreme Court, New York County –
Index Number 162159/2015)

-----------------------------------------------------------------------------x

**DECISION and ORDER**

File No. 2010-*0418/C*

**DECISION and ORDER**

File No. 2010- *0418/D*

GINGOLD, S.

These proceedings arise from a dispute between three brothers, Ronald, Bruce and Lawrence White, who are the sole issue and surviving heirs of their late mother, Helen Ham White (the "decedent"). The decedent died on August 6, 2008, leaving a Last Will and Testament dated October 30, 1997, which was admitted to probate by decree dated February 4, 2010 (the "Will"). At the time of her death, the decedent was the owner of real property, a two-family home located at 109 West 122nd Street in Manhattan (the "property"). The three brothers inherited the property as joint tenants with rights of survivorship pursuant to the Will.

Ronald is the Executor of decedent's will, and he presently resides at the property with Bruce. Meanwhile, Lawrence, who does not reside at the property, seeks to sell his share, and Ronald and Bruce have refused to consent to sell or to buy Lawrence out.

Page 1 of 11

## The proceedings

Ronald brought the "C" proceeding to judicially settle his account as Executor following Surrogate Nora S. Anderson's decision and order dated March 29, 2012, which compelled him to file an account of his proceedings. Meanwhile, the "D" proceeding was brought by Lawrence as a Supreme Court Action for partition by sale of the property pursuant to RPAPL 901, which was transferred to this Court pursuant to the decision and order of the Honorable Nancy Bannon, J.S.C., in Supreme Court, New York County Index No: 162159/2015 (decision/order dated February 2, 2018). Lawrence further requested in the Supreme Court Complaint that respondents "account to [him] for his one-third share of all rents collected or fair use and occupancy of the subject premises since the death of their mother." In her February 2, 2018, decision/order, Justice Bannon granted defendant's cross-motion to remove the Supreme Court Action to this Court for joinder with the proceedings filed under File No. 2010-0418 and denied plaintiff Lawrence White's motion for summary judgment without prejudice to renewal in this Court.

## The motions

Now, there are two identical motions for summary judgment presently pending in the "C" and "D" proceedings which are hereby consolidated for the Court's consideration and disposition in this single decision and order. In these motions, Lawrence moves for summary judgment and: [1] an order of ejectment of the respondents Ronald and Bruce from the property; [2] an order granting Lawrence exclusive possession of the property; [3] an order granting petitioner the right to conduct the sale of the property; [4] an order revoking the current Letters Testamentary to Ronald; and [5] an order appointing the Public Administrator of New York County as the fiduciary with the powers to conduct the sale of the property.

## The motion as to the "C" proceeding

The Court will first consider the motion as it relates to the "C" proceeding. For the reasons that follow, the motion is denied as to the "C" proceeding. This is an accounting proceeding and Lawrence, through counsel, filed objections to Ronald's Account and Amended Account. Pursuant to SCPA 2211, "the Court must take the account, hear the proofs of the parties respecting it and make such order or decree as justice shall require."

The real property is listed in Schedule A of the Amended Account sworn to by Ronald on September 16, 2014, and was valued at $1,300,000.00 at date of death. Schedule A-2 of the Amended Account indicates that Ronald had collected monthly rental income at the rate of $525.00 from August 2009 through December 2009 and $570 from February 5, 2010 through January 29, 2013 with one aberrant notation of $670 received on June 7, 2010, no rent collected after January 29, 2013 and a negative line item in connection with "LEGAL FEES PAID IN CONNECTION WITH TENANT EVICTION. PENDING RECEIPT OF THE MISSING ESTATE CHECKING ACCOUNT STATEMENTS" totaling $3,554.25. No further amounts in connection with rent have been reported to this Court. Moreover, there have been no updated amendments to the filing.

In his Objections to Account and Amended Account of Executor, Lawrence disputes amounts set forth in the Account and Amended Account for tax liabilities, the value of an unrelated parcel of land, the total amount of principal that the Executor received in-hand, the amount of rent collected for the property, the Estate expenses, requests for legal fees, distributions made, and general lack of supporting documentation. Specifically, regarding rent, Lawrence asserts that he:

> strongly objects to the Schedule A2 for lack of proper documentation and in particular the amount of rent collected for the decedent's real properly located in Harlem. Said property is in a prime location for rental purposes. However, the executor only collected a rent of $575 during the course of his administration even though the market rents are substantially higher. The executor's inability to maximize the income potential of the estates' premier asset under his stewardship

[* 3]

is an act of gross misconduct. The executor's conduct warrants an immediate revocation of his letters testamentary and for at least a surcharge for the difference between the market rent amount that should be collected and actual rents that were collected.

Lawrence does not plead any requests for relief relative to the disposition of the property nor with respect to Ronald as Executor of the decedent's estate.

On an accounting by an administrator, no inquiry can be had into any matters not connected with the account filed or specified by objections filed, as the account and the objections thereto represent the pleadings, from which the issues to be tried must be determined. (*In re Heuser's Estate,* 33 NYS 831 [Sup Ct, Gen Term, 1st Dept 1895] ["It has been many times held in these proceedings that the account filed and the objections thereto represent the pleadings of the parties, and that the issues to be tried are to be determined therefrom."]; *see Matter of Schroder,* 176 Misc 1024 [Sur Ct, Kings County 1941]; *see also Van Sinderen v. Lawrence,* 3 NYS 25 [Sup Ct, Gen Term, 1st Dept 1888]).

Here, in this motion for summary judgment, Lawrence seeks relief related to matters outside the scope of the Amended Account and his objections before the Court. Whether the relief Lawrence seeks is available in the related "D" proceeding will be discussed *infra.* Accordingly, the motion under the "C" proceeding is denied.


**The motion as to the "D" proceeding**

The Court now turns to the motion filed under the "D" proceeding, which proceeding was brought as an action for partition by sale pursuant to RPAPL 901. Generally, on a motion for summary judgment, the proponent bears the initial burden of setting forth evidentiary facts to prove a prima facie case that would entitle it to judgment in its favor, without the need for a trial (CPLR 3212; *Winegrad v. NYU Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v. City of New York,* 49 NY2d

557, 562 [1980]). The party opposing the motion must then come forward with sufficient evidence in admissible form to raise a triable issue of fact (*Zuckerman, supra*). If the proponent fails to make out its *prima facie* case for summary judgment, however, then its motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v. Prospect Hosp.*, 68 NY2d 320 [1986]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]; *Wonderly v. City of Poughkeepsie*, 185 AD3d 632 [2nd Dept 2020]).

Granting a motion for summary judgment is the functional equivalent of a trial, therefore it is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v. Ceppos*, 46 NY2d 223 [1977]; *Matter of Barad*, 61 Misc 3d 1204(A), 2018 NY Slip Op 51363(U) [Sur Ct, Kings County 2018]). The Court's function on these motions is limited to "issue finding," not "issue determination" (*Sillman v. Twentieth Century Fox Film*, 3 NY2d 395, 404 [1957]; *see Matter of De Sanchez*, 85 Misc 3d 1206(A), 2025 NY Slip Op 50104(U) [Sur Ct, NY County 2025]).

Partition

RPAPL 901 provides in relevant part that: "[a] person holding and in possession of real property as joint tenant or tenant in common, in which he has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners." "The right to seek partition, however, is not absolute and may be precluded where the equities so demand, or where partition would result in prejudice" (*Manganiello v. Lipman*, 74 AD3d 667 [1st Dept 2010] [internal citations omitted]).

Lawrence has shown through certified copies of deeds submitted to the Court that he inherited a one-third share of the property from his mother, the owner of the property on the date

of her death. Lawrence has further shown that he has a present right to possession of the property and that the property cannot be physically partitioned between its owners without great prejudice. Lawrence wishes to sell his share of the property, and his brothers refuse to consent to selling the property or alternatively to buying him out. Therefore, Lawrence has established his prima facie entitlement to summary judgment on his claim for partition and sale of the instant property (*see Wen Fu Weng v. Mei Jie Zhao*, 62 Misc 3d 1206(A), 2019 NY Slip Op 50007(U) [Sup Ct, Kings County 2019] [granting petitioner's motion for summary judgment because petitioner had made a prima facie showing of a claim for partition and defendant failed to convince the Court that further discovery would lead to relevant evidence to defeat the motion]).

Turning to respondents' opposition, the Court notes that respondents have asserted a Jury Trial demand in their papers. Even if such a demand was procedurally proper (*see* CPLR 4102), it is unavailing, as respondents have failed to raise a material issue of triable fact. Respondents' answer consists of general denials and four boilerplate affirmative defenses alleging failure to state a cause of action, that the relief sought is precluded by the business judgment of the Executor, that service of process was not properly effectuated and failure to join a necessary party. Since these unsubstantiated affirmative defenses do not rebut Lawence's *prima facie* showing, the motion must be granted to the extent that Lawrence is entitled to summary judgment and an order of judicial partition by private sale (*see Pando v. Tapia*, 79 AD3d 993, 995-96 [2d Dept 2010]; *Patcher v. 3063 Brighton 8 Props. LLC*, 69 Misc 3d 1201(A), 2020 NY Slip Op 51108(U) [Sup Ct, NY County 2020]; *Weng*, 62 Misc 3d 1206(A)).

Removal of the fiduciary

[* 6]

Next, Lawrence's motion also seeks an order revoking Letters Testamentary issued to Ronald and appointing the Public Administrator as fiduciary to conduct the sale of the property. That branch of the motion is also granted for the reasons that follow.

SCPA 719[10] provides that the Court may make a decree revoking letters to a fiduciary without a petition or the issuance of process: "[w]here any of the facts provided in 711 are brought to the attention of the Court." Pursuant to SCPA 711[2], the Court may revoke letters where the fiduciary "has wasted or improperly applied the assets of the estate, or made investments unauthorized by law or otherwise improvidently managed or injured the property committed to his charge … or by reason of other misconduct in the execution of his office or dishonesty, … improvidence or want of understanding, he is unfit for the execution of his office."

These proceedings have languished for years, during which the Court has spent an exorbitant amount of precious time and resources in an attempt to resolve the parties' relatively straightforward dispute to no avail. These proceedings remain ongoing due in large part to Ronald's conduct as Executor. To date he has failed to file an accurate account with sufficient supporting documentation regarding rental income and expenses. Further, as a beneficiary, Ronald resides at the property and has a personal interest in this matter, presenting an inherent conflict with his role as Executor whose primary duty is to resolve the estate. Ronald's arbitrary refusal to either sell the property or buy Lawrence out has meant that Lawrence, also an estate beneficiary with equal rights, continues to shoulder the responsibilities and liabilities attendant to ownership of real property against his express wishes. Therefore, at a minimum, the Executor has not acted in the estate's interest nor in the interest of all of the estate beneficiaries. Finally, given Ronald's conduct to date, the Court believes there is a substantial likelihood that Ronald will fail to cooperate with the judicial sale of the property that must take place for the reasons already stated

herein (*see Estate of Reed*, NYLJ, Aug. 6, 1991 at 25, col 4 [Surr Ct, NY County 1991] [finding that an executor's failure to cooperate with estate proceedings, operation of decedent's real estate business as if it were here own, and failure to account for collected rents for multiple years, demonstrated that she acted "only in furtherance of her own interests and not as fiduciary," thereby justifying her removal and the appointment of the Public Administrator]).

Since these proceedings were transferred to this Court from Supreme, the Executor has been on notice that Lawrence sought his removal as fiduciary of the estate as well as the underlying grounds for which removal was sought. Despite such notice, Ronald has failed to sufficiently rebut the claims previously identified by this Court herein or otherwise justify his actions. On this record, where the allegations are not in dispute, this Court must take corrective action (*Matter of Chase*, 44 AD3d 1180, 1182 [3d Dept 2007]) and remove Ronald as Executor (*see generally Matter of Weinraub*, 68 AD3d 679 [1st Dept 2009]).

Accordingly, Lawrence's motion is further granted to the extent that the Letters Testamentary issued to Ronald as Executor of the Last Will and Testament of Helen Ham White are hereby revoked, and the Court hereby appoints the Public Administrator of the County of New York as successor executor of the estate (*see Matter of Thomas*, 49 Misc 3d 1211(A), 2015 NY Slip Op 51574(U) [Sur Ct, Kings County 2015] [finding that when an executor had been "so uncooperative and pernicious" as to harm the administration of the estate, the "totality of the circumstances" necessitated the Court's intervention, his removal, and the appointment of the Public Administrator]; *Matter of Simmons*, 844 NYS.2d 598 [Sur Ct, NY County 2007]).

Balance of the motion

Lawrence's request for an order of ejectment, exclusive possession of the property and the right to conduct the sale of the property is denied. Ejectment is a cause of action, not a remedy (NY RP

ACT & PRO Ch. 81, Art. 6), and is generally available to anyone claiming a superior right to possession (*see Kosa v. Legg*, 12 Misc 3d 369, 2006 NY Slip Op 26061 [Sup Ct, Kings County 2006]; *see generally* RPAPL Article 6). Since Lawrence does not have a superior right of possession vis-à-vis his brothers, a claim for ejectment does not lie. Similarly, there is no basis in law for the remainder of the relief Lawrence seeks.

**CONCLUSION**

In accordance herewith, it is hereby **ORDERED** that Lawrence White's motion for summary judgment under the "C" proceeding is denied; and it is further

**ORDERED** that Lawrence White's motion for summary judgment under the "D" proceeding is granted as follows:

[1] a sale of the property located at 109 West 122nd Street, New York, New York by private sale is Ordered;

[2] that the Letters Testamentary issued to Ronald White as Executor of the Last Will and Testament of Helen Ham White, deceased, are hereby revoked; and

[3] that the Public Administrator of the County of New York is hereby appointed as successor executor of the Last Will and Testament of Helen Ham White, deceased, and that Successor Letters Testamentary shall issue to the Public Administrator of the County of New York, to serve in place and stead of Ronald White.

**SETTLE ORDER ON NOTICE.**

And it is further **ORDERED** that the balance of the motion with respect to the "D" proceeding is denied.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the Decision and Order of the Court.

A copy of this order shall be emailed to counsel, whose names and email addresses appear at the foot of this order.

Dated: October 23rd, 2025
New York, New York

_____
**S U R R O G A T E**

**TO:**

Joseph A. Ledwidge, Esq.
*Attorney for Lawrence White*
170-26 Cedarcroft Road
Jamaica Estates, New York 11432
joseph@ledwidge1.com

Ronald White
109 West 122nd Street
New York, New York 10026
rnrwht@frontiernet.com

Bruce White
109 West 122nd Street
New York, New York 10026
brucetw222@gmail.com

Steven R. Finkelstein, Esq.
*Counsel for the Public Administrator*
Finkelstein & Virga, P.C.
90 Broad Street #1700
New York, New York 10004
SFinkelstein@dfrv-ny.com

[* 11]