| **City of New York v Ralph K. Jackson, M.D., P.C.** |
|:---:|
| 2025 NY Slip Op 31023(U) |
| March 31, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 452315/2023 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JEANINE R. JOHNSON**      PART      **52M**

*Justice*

-------------------------------------------------------------------------------X

THE CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,

                          Plaintiff,

- v -

RALPH K. JACKSON, M.D., P.C., JOHN OR JANE DOE NOS. 1 THROUGH 10, and XYZ CORP.

                          Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452315/2023 |
| MOTION DATE | 12/01/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31

were read on this motion to/for      DISMISSAL      .

In a related action (*The City of New York v Heritage Health and Housing, Inc.*, Index No. 451964/2023 [Sup Ct, NY County] ["*Heritage*"]), plaintiffs the City of New York ("the City") and New York City Health and Hospitals Corporation ("HHC") seek to evict Heritage Health and Housing, Inc. ("Heritage") from portions of the building located at 1727 Amsterdam Avenue in Harlem ("the Property") ("the Heritage action"). *Heritage* seeks this relief through causes of action for ejectment and trespass. This action seeks the same relief against defendant Ralph K. Jackson, M.D., P.C. ("Jackson P.C."), which has ophthalmology offices within the property that Heritage occupies. Currently, Jackson P.C. brings this pre-answer motion for dismissal under CPLR §§ 3211 (a)(1) and 3211 (a) (7). The Court **DENIES** the motion as detailed below.

On May 1, 1988, Washington Heights Management Corporation ("WHMC"), which at the time managed the Property,[1] signed a 10-year sublease agreement with Jackson P.C. which

---

[1] As plaintiffs explain, WHMC was dissolved in 2000 (NYSCEF Doc. No. 29, *2 n1).

**452315/2023 THE CITY OF NEW YORK ET AL vs. RALPH K. JACKSON, M.D., P.C. ET AL**      **Page 1 of 5**
**Motion No. 001**

1 of 5

[* 1]

granted Jackson "exclusive use of Consultation Room/Offices Nos. 324, 330, 331, 337; Examination Room Nos. 325, 326, 329, and 328; and shared space: Lavatories Nos.: 327 and 334; Lounge No. 339; Waiting Area and Nurses Station "B"; and all common space, all totaling {sic} one thousand, nine hundred thirteen (1,913) square feet" (NYSCEF Doc. No. 14, ¶ 1 [a]), with the option to expand to other offices. Jackson P.C. apparently believed that the sublease was valid and enforceable.

On February 28, 1989, however, HHC wrote to WHMC stating that, as the latter was a licensee, it was not authorized to sublease portions of the licensed property. HHC further stated that "it is essential that it be made clear to all of [WHMC's] sublicensees that they are in occupancy on a month-to-month basis and are subject to termination or transfer within the facility on 30 days written notice" (NYSCEF Doc. No. 15, *2-3). When it received this notice, Jackson P.C. contacted HHC about the status of its lease. On April 25, 1989, HHC provided Jackson P.C. with a copy of the letter to WHMC and, in a separate letter, reiterated that the purported subleases were unenforceable and all "sublicensees" actually were there on a month-to-month basis (*id.*, *1). It added that

> "current sublicensees may, to the extent that their use does not conflict with the primary requirements of City health service agencies, be offered the opportunity to remain in occupancy. Such continued use may involve all or only a portion of currently occupied space, or alternative space within the facility. Should this be the case, current occupants will be offered appropriate and binding agreements reflecting the terms and conditions of their right of entry to the premises" (*id.*).

The parties did not enter into any "appropriate and binding agreements," but Jackson P.C. remained in its offices without objection.

This arrangement continued until July 12, 2023, when the City, as fee owner, issued a "Notice of Termination of License (If Any)" to Jackson P.C. (NYSCEF Doc. No. 3 [exhibit A to

[* 2]

complaint]). As Jackson P.C. did not evacuate the Property, on August 23, 2023, plaintiffs served it with a 10-day notice to quit (NYSCEF Doc. No. 4 [exhibit B to complaint]). Plaintiffs commenced this lawsuit on September 12, 2023. Jackson P.C. filed notice of its pre-answer motion to dismiss on December 1, 2023.

The Court addresses the threshold issue of whether service was proper. Relying on *Kosa v Legg* (12 Misc 3d 369 [Sup Ct, Kings County 2006]) and *Paz Rentals LLC v Bryer* (2021 NY Slip Op 30916 [U], *4-5 [Sup Ct, Kings County 2021] [*Paz*]), Jackson P.C. argues that it was entitled to a six-month notice prior to the termination of its purported sub-tenancy. Jackson P.C. also claims that service of both notices was defective (citing, e.g., *Alleyne-Christopher v Allstate Prop. & Cas. Ins. Co.*, 37 Misc 3d 264, 268-269 [Civ Ct, Kings County 2011]). Jackson P.C. again cites to Dr. Jackson's affidavit. Dr. Jackson contends that plaintiffs served the termination notice on "Avis Doe" -- apparently a reference to Avis Thomas, Jackson P.C.'s receptionist, an individual who allegedly is not authorized to accept service on behalf of the corporation; and they allege service of the Notice to Quit on "Jane Doe," a receptionist, although Dr. Jackson and Ms. Thomas were on vacation on the alleged date of service, and there was no substitute receptionist (NYSCEF Doc. No. 12, ¶¶ 34-39). Dr. Jackson speculates that the notice to quit was served on the building's receptionist, who was not authorized to accept service on behalf of Jackson P.C.

In opposition, plaintiffs reject the argument that Jackson P.C. was on the property in question as a tenant. Instead, plaintiffs contend that Jackson P.C. was, at best, a sub-licensee. Accordingly, they state that it was not entitled to the notice requirements or ULURP review, the bases of its motion to dismiss. As they argue that there was no notice requirement, plaintiffs do

452315/2023   THE CITY OF NEW YORK ET AL vs. RALPH K. JACKSON, M.D., P.C. ET AL        Page 3 of 5
  Motion No.  001

3 of 5

[* 3]

not address the question of whether "Avis Doe" and "Jane Doe" were authorized to accept service of the notice of termination and the notice to quit, respectively.

After careful consideration, the Court finds that defendant has not satisfied its burden of showing improper service. Jackson P.C.'s attack on the service of the notice of termination by delivery the office receptionist is based entirely on Dr. Jackson's conclusory assertion that Ms. Thomas was not authorized to accept service. He does not detail Ms. Thomas' actual job responsibilities, explain her lack of authority to receive process, or state whether anyone at the office had such authority (*see Crespo v A.D.A. Mgt.*, 292 AD2d 5, 10 [1st Dept 2002] [attorney's affidavit regarding service of summons and complaint was insufficient]). The statement as to service of the notice to quit is similarly deficient.

In opposition, however, plaintiffs do not definitively show that no notice was required. This involves a determination of Jackson P.C.'s status in the building. Although it appears from the documents that the office was, at best, a month-to-month sublicensee, a final determination on this point is premature before issue is joined. As defendant relies on its position that it was a tenant rather than a licensee, it has not satisfied its burden. Moreover, its reliance on *Kosa* and *Paz* is misplaced, as these Kings County trial court decisions relate to the termination by ejectment of month-to-month tenants where a landlord-tenant relationship exists. Also, *Kosa* and *Paz* arguably are inconsistent with cases such as *475 Bldg. Co., LLC v Landmark Ventures (USA) Inc.* (2022 NY Slip Op 30307 [U], *3-4 [Sup Ct, NY County 2022]), which also are distinguishable as they involve tenancies rather than licenses and involve ejectments after the tenant holds over without consent.

Finally, in its letter to WHMC, HHC emphasized that the sublicensees were "subject to termination or transfer within the facility on 30 days written notice" by HHC (NYSCEF Doc.

452315/2023   THE CITY OF NEW YORK ET AL vs. RALPH K. JACKSON, M.D., P.C. ET AL          Page 4 of 5
  Motion No.  001

[* 4]                                                              4 of 5

No. 15, *3). Further, this letter was annexed to HHC's response to WHMC's inquiry about its status in the building. The Court notes that plaintiffs provided 30 days written notice of termination to Jackson P.C., which suggests that it may have viewed this notice provision as binding. This creates another issue of fact concerning the service requirement. Unfortunately, at this preliminary stage of the litigation, there are too many issues of fact and law concerning (1) whether, and if, service was required, and (2) if required, what type of service was necessary, to schedule a traverse hearing. This matter also is intertwined with *Heritage*, which attempts to eject the hospital and any entity renting from Heritage, presumably including Jackson P.C. It is not clear that Jackson P.C. should have greater rights than Heritage in this matter.

Accordingly, it is

ORDERED that the motion is denied in its entirety; and it is further

ORDERED that, within 30 days of entry of this order, defendant shall serve and file its answer to the complaint.

20250331110037JRJOHNSON84C45A7388364B0084F37C84D694F432

| 3/31/2025 | | | | |
|-----------|--|--|--|--|
| **DATE** | | | **JEANINE R. JOHNSON, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|----------------|--|---------------|-------|-----------------------|--|
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

452315/2023   THE CITY OF NEW YORK ET AL vs. RALPH K. JACKSON, M.D., P.C. ET AL          Page 5 of 5
Motion No.  001

5 of 5

[* 5]