■ SAN-DAR ASSOCIATES, Respondent, v JOSE A. TORO, Appellant. [623 NYS2d 865] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 30, 1993, which awarded plaintiff partial summary judgment against defen-

dant for use and occupancy and for attorneys' fees and referred the latter matter for determination of the amount thereof, unanimously modified, on the law, to the extent of vacating the grant of summary judgment as to attorneys' fees and deleting the award of interest and otherwise affirmed, without costs. Judgment of said court and Justice entered May 21, 1993, which awarded plaintiff $27,728.40 plus interest and costs, unanimously modified, on the law, to the extent of deleting the award of interest and otherwise affirmed, without costs. Appeals from the order, Civil Court, New York County (Louise Gruner Gans, J.), entered April 24, 1991 and order, Supreme Court, New York County (Herman Cahn, J.), entered May 18, 1993, unanimously dismissed, without costs.

Defendant's assertion concerning "issue joinder" was first raised upon the motion for reargument before Justice Cahn and is thus not preserved for this Court's review. In any event, were we to review defendant's claim, we would find it meritless. We deem defendant's submitted "response" to be an effective "answer" to the complaint, and therefore issue was effectively joined before partial summary judgment was granted. Further, partial summary judgment was appropriate under the circumstances in light of plaintiff's motion, on notice to defendant, and the affidavits detailing the parties' positions on the legal issues presented to the court (see, O'Hara v Del Bello, 47 NY2d 363). We also note that although the action was ultimately transferred back to the Civil Court, the motion for summary judgment had already been submitted to the Supreme Court before the transfer order. Accordingly, the Supreme Court retained jurisdiction to rule upon the summary judgment motion (see, CPLR 326 [b]).

Plaintiff never waived its right to collect the rental arrears due from defendant. While plaintiff may have unnecessarily refused to accept the tendered monthly payments from defendant, there is no question that plaintiff has continuously pursued its claim to the rental payments. The IAS Court properly awarded plaintiff rental arrears, an issue previously undecided by any court involved in the parties' dispute.

As defendant was ready and willing to tender the monthly rental payments as they came due, but as plaintiff refused to accept such payments, there was no default under the lease and an award of attorneys' fees in favor of plaintiff is not warranted. Further, we find defendant's tender of payment of rent and landlord's rejection of tender and failure to move before the court to accept such payments without prejudice,

warranted denial of an award of interest *(Kips Bay Towers Assocs. v Yuceoglu,* 134 AD2d 164, 165, *lv denied* 71 NY2d 806). Concur—Rosenberger, J. P., Kupferman, Nardelli and Tom, JJ.