■ P.S. MARCATO ELEVATOR Co., Appellant, v NEW YORK MARINE AND GENERAL INSURANCE COMPANY et al., Respondents. [673 NYS2d 74] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 13, 1997, which, to the extent appealed from as limited by plaintiff's brief, granted defendants-respondents' motion and cross motion dismissing the complaint as against them for failure to state a cause of action, unanimously modified, on the law and the facts, to deny the cross motion of defendant York Claims respecting plaintiff's fourth and sixth causes of action and to reinstate those causes, and otherwise affirmed, without costs; and, to the extent that the appeal from the order of the same court and Justice, entered on or about July 8, 1997, denying plaintiff's motion to vacate the earlier order, is not rendered academic by the above modification, the July 8, 1997 order is unanimously affirmed, without costs.

The sixth cause of action, for wrongful retention by defendant claims agent of plaintiff's litigation files, was not dismissed with prejudice, but was to be permitted as a counterclaim in the Civil Court action. That action, however, was ended by a stipulation of settlement in which the counterclaims alleged therein were expressly preserved to the extent that they were made in this action. Under the circumstances, plaintiff's claim for wrongful retention of its files should be permitted in this action and we reinstate it accordingly. Additionally, the cause of action against defendant claims agent for breach of contract should not have been dismissed, since allegations that but for the breach plaintiff would not have had to pay the full self insured retention and would not have incurred related expenses and damages are discernible from the four corners of the pleadings (*see, Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665, 666), or can fairly be drawn from the pleadings by implication (*see, Stern v Consumer Equities Assocs.*, 160 AD2d 993, 994). We note also that plaintiff was not required to provide proof of its damages to sustain its pleading as against a motion to dismiss for failure to state a cause of action (*see, Battalla v State of New York*, 10 NY2d 237, 242).

In other respects, we agree with the IAS Court's dispositions. The breach of contract action against defendant insurer was properly dismissed, since there is no allegation that the insurer had any contractual duty to supervise or control plaintiff's counsel in the subject personal injury litigation. All other causes against defendants-respondents were properly dismissed, since none of the allegedly breached duties owed to plaintiff is separate from those owed by reason of the contract (*see, Dime Sav. Bank v Skrelja*, 227 AD2d 372).

Vacatur of the June 13, 1997 order was not required by reason of the action's transfer to Civil Court, since the transfer order was rendered after defendants-respondents' dismissal motions had been fully submitted (*see, San-Dar Assocs. v Toro*, 213 AD2d 233). Plaintiff's unsupported request for leave to replead, made for the first time on appeal, is denied. Concur— Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.