Appellant; Sᴛ. Cʜʀɪsᴛᴏᴘʜᴇʀ-Oᴛᴛɪʟɪᴇ, Respondent, et al., Respondent. [804 NYS2d 293]—

In the Matter of Eᴅᴡᴀʀᴅ D. Jᴏɴᴇs & Cᴏᴍᴘᴀɴʏ, Appellant, v Tʜᴇ Aᴍᴇʀɪᴄᴀɴ Sᴛᴏᴄᴋ Exᴄʜᴀɴɢᴇ, LLC, on Behalf of Itself and the Other Network B Participants in the CTA Plan and the CQ Plan, Respondent. [802 NYS2d 415]—

Order and judgment (one paper), Supreme Court, New York County (Marilyn Shafer, J.), entered May 27, 2005, as amended by the order and judgment (one paper), same court and Justice,

entered July 14, 2005, which, to the extent appealed from, denied the petition to permanently stay arbitration of respondent's claims that are barred by applicable New York statutes of limitation, unanimously affirmed, with costs.

The IAS court properly determined that the arbitrators should determine whether any of respondent's claims were time-barred, since the 1992 and 2004 agreements did not contain language indicating that the parties agreed to leave timeliness issues to the New York courts (*Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 NY3d 247 [2005]). As we held in *Matter of Welltech, Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa.* (299 AD2d 228 [2002], *lv denied* 100 NY2d 513 [2003]), the inclusion of a CPLR 7503 (c) 20-day notice in a demand for arbitration under the Federal Arbitration Act (FAA), and the petitioner's ensuing application to stay arbitration, are not tantamount to an express New York choice-of-law provision governing enforcement of a broad arbitration clause that would otherwise be subject to the FAA and leave questions of timeliness and arbitrability to the arbitrators. Moreover, insofar as no conflict exists between CPLR 7503 (c) and the FAA, because the FAA makes no provision for a time limitation to raise objections to arbitration, we perceive no basis for petitioner's contention that respondent "elected its remedy" when it commenced this proceeding under CPLR 7503 (c) (*see 331 E. 14th St. v 331 E. Corp.*, 293 AD2d 361 [2002], *lv dismissed* 98 NY2d 727 [2002]), or that respondent should be judicially estopped from contending that timeliness issues should be decided in arbitration. Petitioner's additional argument, relying on evidence allegedly showing that the parties intended to permit the court to resolve timeliness issues, is unpreserved, and in any event, we perceive no basis to consider that evidence given the lack of ambiguity in the arbitration agreement. Since the IAS court correctly determined that arbitrators should determine timeliness issues, we do not reach the merits of the statute of limitations arguments raised in the petition for a permanent stay. Concur— Tom, J.P., Saxe, Nardelli, Catterson and Malone, JJ.