■ W. 54-7, LLC, Respondent, v Sheldon Farber et al., Appellants. [880 NYS2d 6]—

Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered May 9, 2008, which, in an action to recover rent arrears, insofar as appealed from, awarded plaintiff prejudgment interest on the arrears, unanimously reversed, on the law, without costs, and the award of prejudgment interest vacated. The Clerk is directed to enter an amended judgment accordingly.

In April and May 1998, defendants tendered their April and May 1998 rent payments to plaintiff on three occasions. Each time plaintiff rejected these tenders, stating, "[w]e are unable to accept any payment since there is a legal action pending against you." Plaintiff then stopped sending defendants monthly rent bills as had been its regular practice, and brought several other lawsuits against defendants. A landlord who rejects a tenant's tender of rent due to concern that acceptance might prejudice claims against the tenant, without having sought a court order that acceptance of the tender be without prejudice, is not entitled to interest on an award of the unpaid rent (*see San-Dar Assoc. v Toro,* 213 AD2d 233, 234-235 [1995]; *cf. Knab Bros. v Town of Lewiston,* 58 AD2d 1016, 1017 [1977] [right to interest may be lost on equitable principles of estoppel, such as a creditor's refusal to accept a tender]). Plaintiff's rejection of defendants' tenders of rent, and its cessation of its usual practice of sending defendants monthly rent bills, combined to make it abundantly clear that any further tenders of rent while litigation remained pending would be futile, dispensing with the need to make further tenders (*see Strasbourger v Leerburger,* 233 NY 55, 60 [1922] [formal tender never required where by act or word other party has shown that if made it would not be accepted]). Concur—Andrias, J.P., Friedman, Buckley, Acosta and DeGrasse, JJ.