■ ROSEMARIE A. HERMAN et al., Appellants, v JULIAN MAU-RICE HERMAN et al., Respondents, et al., Defendants. [997 NYS2d 5]—

Appeals from orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 15, 2012, which granted in part and denied in part defendants J. Maurice Herman, Windsor Plaza LLC (the New York corporation), Windsor Plaza LLC (the Delaware corporation), and Mayfair York LLC's and defendant Michael Offit's motions to dismiss the complaint as against them, unanimously modified, on the law, to declare that the infant plaintiffs are entitled to claim the benefit of the infancy toll (CPLR 208), and otherwise dismissed, without costs, as moot.

The orders entered June 15, 2012 have been superseded by an order of the same court and Justice, entered on or about February 8, 2013, which granted plaintiffs' motion to renew and, upon renewal, as plaintiffs acknowledge, reinstated virtually all of the claims previously dismissed as time-barred, including certain conspiracy claims that were previously dismissed, and granted in part plaintiffs' motion to reargue, and, upon reargument, reinstated in part the derivative causes of action (2013 NY Slip Op 30366[U] [Sup Ct, NY County 2013]).

Plaintiffs' main argument on appeal is that the court erred in refusing to take allegations in the complaint as true and in deeming plaintiffs' evidentiary submissions insufficient to rebut defendants' prima facie showing that the claims arising from a 1998 transaction in which defendant Maurice J. Herman is alleged to have secretly purchased plaintiff Rosemarie Herman's 50% interest in real estate at far less than fair market value, were barred by the applicable statutes of limitations. Plaintiffs are correct that the court should have credited the allegations in the complaint on this motion to dismiss pursuant to CPLR

3211 (a) (5) (*see e.g. Benn v Benn*, 82 AD3d 548 [1st Dept 2011]; *New York Tel. Co. v Mobil Oil Corp.*, 99 AD2d 185, 192 [1st Dept 1984]; *see also Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). However, virtually all of plaintiffs' arguments have been addressed and mooted. In its subsequent order, the court, upon renewal, credited plaintiffs' new affidavit and evidence in concluding that it should have denied defendants' motions to dismiss on statute of limitations grounds, and it reinstated the claims relating to the 1998 transaction that had previously been dismissed as time-barred. The court also cited the 1998 confidentiality agreement signed by Maurice and the trustee of Rosemarie's Trusts, defendant Michael Offit, as evidence of their efforts to conceal the transaction from Rosemarie, and thus concluded that there were factual issues whether defendants were estopped to raise the statute of limitations as a defense. Thus, plaintiffs' arguments that the unavailability of the confidentiality agreement warranted denial of the motions pursuant to CPLR 3211 (d) have also been mooted.

The superseding order, however, denied reargument as to whether the infancy toll (CPLR 208) applies, and plaintiffs therefore will not have an opportunity to address the propriety of this ruling on appeal from the subsequent order. We find that plaintiff's children are entitled to a toll for the period of infancy. A guardian ad litem was not appointed for the children until after the commencement of this litigation (SCPA 315 [2] [a] [iii] ["if it appears that *there is no person in being or ascertained, having the same interest*, the court shall appoint a guardian ad litem to represent or protect the persons who eventually may become entitled to the interest" (emphasis added)]). Thus, no one had been appointed who might have adequately represented the infant remaindermen's interests in the proceeding. Furthermore, an infant is entitled to the toll for the period of infancy, regardless of whether a representative has been appointed, or a parent or guardian has taken steps to protect the infant's rights (*see Henry v City of New York*, 94 NY2d 275 [1999]).

We have considered plaintiffs' additional arguments and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, De-Grasse, Manzanet-Daniels and Kapnick, JJ.

---

The decision and order of this Court entered herein on June 5, 2014 (118 AD3d 452) is hereby recalled and vacated (*see* 2014 NY Slip Op 87343[U] [2014] [decided simultaneously herewith]).