| |
|---|
| **Olympic Galleria, Co., Inc. v Sitt** |
| 2025 NY Slip Op 31530(U) |
| April 29, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150391/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LYLE E. FRANK                    PART                11M

*Justice*

-----------------------------------------------------------------------------X

OLYMPIC GALLERIA, CO., INC.,

                      Plaintiff,

              - v -

JACKIE SITT, JOHN DOES

                    Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150391/2024 |
| MOTION DATE | 02/27/2025 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125

were read on this motion to/for          REARGUMENT/RECONSIDERATION    .

      Upon the foregoing documents, plaintiff's motion is granted in part and denied in part, and defendant's cross-motion is denied.

## Background

      This motion arises out of a landlord-tenant dispute over a luxury Manhattan apartment. Olympic Galleria, Co., Inc. ("Plaintiff") filed suit against Jackie Sitt ("Defendant") in January of 2024, pleading five causes of action. In January of 2025, this Court issued an Order (the "January Order") that granted Plaintiff summary judgment on their first, second and third causes of action, and authorized them to eject Defendant. Summary judgment on the fourth cause of action was granted in favor of Defendant as it was determined to be duplicative. Defendant also was granted summary judgment on the fifth cause of action seeking attorneys' fees, on the grounds that under First Department case law Plaintiff had waived the right to collect prejudgment interest and attorneys' fees.

## Standard of Review

**150391/2024   OLYMPIC GALLERIA, CO., INC. vs. SITT, JACKIE ET AL**
**Motion No.  004**

**Page 1 of 6**

[* 1]

CPLR § 2221(d) allows for a party to make a motion to reargue if it is "identified specifically as such" and requires that it be based "upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion."

## Discussion

Plaintiff brings the present motion to reargue, seeking to 1) vacate the portion of the January Order that denied their request for attorneys' fees and prejudgment interest; and 2) modify that portion of the January Order that directed an assessment of damages, and instead direct entry of a money judgment in their favor in the amount of $484,345.80 and directed an assessment of the attorneys' fees and other damages remaining. Defendant has cross-moved to reargue the January Order, seeking to grant summary judgment on the second and third causes of action in their favor on the grounds that a common-law six-month notice was required instead of a 90-day notice. For the reasons that follow, Plaintiff's motion to reargue is granted as to the cause of action for attorneys' fees and denied as to the request for prejudgment interest and a money judgment in sum certain. Defendant's cross-motion to reargue is denied.

*Attorneys' Fees and Prejudgment Interest*

The main issue regarding attorneys' fees and prejudgment interest is whether or not Plaintiff waived the right to collect these by rejecting several tenders of rent from Defendant without seeking a court order authorizing them to do so without prejudice to their rights. Plaintiff argues that a landlord waives the right to collect attorneys' fees and prejudgment interest by rejecting a rent tender without a court order stating that the money can accepted without prejudice only when there is no breach under the lease. Defendant argues that First Department case law separates a landlord's right to collect arrears from their right to collect prejudgment

**150391/2024 OLYMPIC GALLERIA, CO., INC. vs. SITT, JACKIE ET AL**
**Motion No. 004**

**Page 2 of 6**

2 of 6

interest and attorneys' fees, and for the latter the standard is that a landlord waives the right to collect said fees and interest if they reject a rent tender without seeking a court order allowing them to retain the payment without prejudice.

In the January Order, the Court cited to three cases on this issue. In *San-Dar*, the First Department held that:

As defendant was ready and willing to tender the monthly rental payments as they came due, but as plaintiff refused to accept such payments, there was no default under the lease and an award of attorneys' fees in favor of the plaintiff is not warranted. Further, we find defendant's tender of payment of rent and landlord's rejection of tender and failure to move before the court to accept such payments without prejudice, warranted denial of an award of interest. *San-Dar Assocs. v. Toro*, 213 A.D.2d 233, 234 – 35 (1st Dept. 1995).

Then in *Farber*, the First Department examined a case where the landlord-plaintiff rejected rent tender from tenants while litigation between the parties was ongoing. *W. 54-7, LLC v. Farber*, 62 A.D.3d 485, 485 (1st Dept. 2009). The court there reversed the trial court's award of prejudgment interest on the unpaid rent arrears, holding that "[a] landlord who rejects a tenant's tender of rent due to concern that acceptance might prejudice claims against the tenant, without having sought a court order that acceptance of the tender be without prejudice, is not entitled to interest on an award of the unpaid rent." *Id.* And finally, in a case where the First Department reinstated a landlord-plaintiff's complaint against their tenant except for the cause of action for attorneys' fees, they held that "[a]s plaintiff concedes, its failure to cash the rent checks tendered by defendant acts as a waiver of any claim to prejudgment interest or attorneys' fees." *B.N. Realty Assoc. v. Lichtenstein*, 96 A.D.3d 434, 435 (1st Dept. 2012).

The case-law on this issue is not perfectly clear. *San-Dar*, *Farber*, and *Lichtenstein* all appear to separate the issue of right to collect rental arrears and right to collect attorneys' fees and prejudgment interest, and *Farber* and *Lichtenstein* certainly contemplate a scenario in which a landlord would be entitled to rent arrears that were not paid under the lease, but had also

**150391/2024  OLYMPIC GALLERIA, CO., INC. vs. SITT, JACKIE ET AL**
**Motion No.  004**

Page 3 of 6

3 of 6

[* 3]

waived prejudgment interest by failing to get a court order when rejecting a rent tender. But the court in *San-Dar* addressed the attorneys' fees and prejudgment interest issues separately and had held that because there was no breach of the lease, there was no right to attorneys' fees. *San-Dar*, at 234. And *Farber*, as discussed above, dealt solely with a waiver of prejudgment interest. *Farber*, at 485. Therefore, the Court upon further consideration finds that because there was a breach under the lease, here Plaintiff did not waive the contractual right to attorneys' fees by rejecting the rent tender. But under the line of case law addressed above, and particularly *Farber*, Plaintiff did waive the statutory right to collect prejudgment interest by rejecting the rent tender and not seeking a court order stating that they could accept the rent without waiving any rights. Therefore, reinstatement of the fifth cause of action and the granting of summary judgment on the matter of attorneys' fees to Plaintiff would be proper.

### *Assessment of Damages*

Plaintiff moves to reargue the portion of the January Order that directed a hearing to be held assessing the amount of damages owed, arguing that they have provided sufficient evidence for the award of a sum certain. For their summary judgment motion, Plaintiff had submitted an affidavit from one of their officers, stating that "according to their records" the amount of unpaid rent owed was $218,345.80 and that the total amount of use and occupancy due after the termination of the lease was $133,000.00. Defendant in opposition to this motion argues that this is insufficient to support summary judgment in a sum certain. They cite to *Residential Credit Solutions*, in which the First Department held that "where an affiant's knowledge is based on unidentified and unproduced records, the affidavit lacks any probative value and cannot be the basis for an award of summary judgment." *Residential Credit Solutions, Inc. v. Gould*, 171 A.D.3d 638, 638 – 39 (1st Dept. 2019).

**150391/2024   OLYMPIC GALLERIA, CO., INC. vs. SITT, JACKIE ET AL**
**Motion No. 004**

**Page 4 of 6**

Plaintiff argues that the amount of use and occupancy they are seeking, $19,000 a month, is the amount that Defendant had previously been paying as rent. But according to NYSCF Doc # 9, the latest rental agreement provided, after October 2022 the monthly rent was set at $19,570.00 a month. Granting of a sum certain involves "a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments, in which instance the clerk … functions in a purely ministerial capacity." *Matter of Capital Equity Mgt., LLC v. Sunshine*, 222 A.D.3d 640, 642 (2nd Dept. 2023). Here, while it is certain that Defendant owes unpaid rent and use and occupancy, the precise amount has not been established as a sum certain. Therefore, a hearing on damages, including the newly reinstated claim for attorneys' fees, would be proper and so this portion of Plaintiff's reargument motion is denied.

### *Six-Month Notice*

Defendant has cross-moved to reargue the portion of the January Order that granted Plaintiff summary judgment on the second and third causes of action. Defendant argues that the Court erred in applying Real Property Law § 226-c instead of a common-law six months' notice standard. Defendant simply repeats the same arguments that it made on the original summary judgment motion, and therefore the cross-motion to reargue is denied. Accordingly, it is hereby

ADJUDGED that plaintiff's motion is granted in part and denied in part; and it is further

ORDERED that the portion of the order dated January 22, 2025, that dismissed the fifth cause of action is hereby vacated; and it is further

ORDERED that plaintiff is granted summary judgment as to liability on the fifth cause of action; and it is further

**150391/2024  OLYMPIC GALLERIA, CO., INC. vs. SITT, JACKIE ET AL**
**Motion No.  004**

**Page 5 of 6**

5 of 6

ORDERED that an assessment of damages and reasonable attorneys' fees owed by

defendant Jackie Sitt to plaintiff Olympic Galleria, Co., Inc. be held; and it is further

ADJUDGED that defendant's cross-motion is denied.

20250429155059LFRANK971A3792CCE040F8A478C7EDB3FC6763

| **4/29/2025** | | | | | | | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** | | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150391/2024   OLYMPIC GALLERIA, CO., INC. vs. SITT, JACKIE ET AL**
**Motion No.  004**

Page 6 of 6

6 of 6

[* 6]