Olympic Galleria, Co., Inc. v Sitt (2025 NY Slip Op 04965)

Olympic Galleria, Co., Inc. v Sitt

2025 NY Slip Op 04965

Decided on September 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 11, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

Index No. 150391/24|Appeal No. 4598-4598A|Case No. 2025-00744|

[*1]Olympic Galleria, Co., Inc., Plaintiff-Respondent-Appellant,
v
Jackie Sitt, Defendant-Appellant-Respondent, John Doe Nos. etc., et al., Defendants.

Law Office of Robert M. Kaplan, White Plains (Robert M. Kaplan of counsel), for appellant-respondent.
Rosenberg & Estis, P.C., New York (Bradley S. Silverbush of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about January 23, 2025, which, to the extent appealed from as limited by the briefs and not mooted by subsequent motion practice, granted plaintiff's motion for summary judgment as to liability on its causes of action for breach of contract (first cause of action), use and occupancy (second cause of action), and ejectment (third cause of action) and setting the matter down for a hearing on damages, and denied defendant's motion for summary judgment dismissing the ejectment and use and occupancy causes of action, unanimously modified, on the law, to deny plaintiff's motion for summary judgment on its causes of action for ejectment and use and occupancy, grant defendant's motion for summary judgment dismissing those causes of action, remand the matter for the purpose of calculating the damages on the breach of contract cause of action and for a hearing limited to the amount of attorney's fees to which plaintiff is entitled, and otherwise affirmed, without costs. Appeal from so much of the aforesaid order which granted defendant's motion for summary judgment dismissing the cause of action for attorneys' fees (fifth cause of action), unanimously dismissed, without costs, as moot.
The parties do not dispute that a month-to-month tenancy resulted when, after the lease expired, defendant continued to pay, and plaintiff continued to accept, rent at an agreed-upon amount. When defendant stopped paying, plaintiff served a 90-day notice pursuant to Real Property Law § 232-a informing defendant that the month-to-month tenancy would terminate on December 31, 2023. Plaintiff commenced this action when defendant remained in occupancy without paying rent.
Defendant argues that because this is an ejectment action, the notice required to terminate the tenancy is not governed by Real Property Law § 232-a, which refers to "summary proceedings," but by the common law, which affords a tenant a far lengthier notice period. The parties do not dispute that the notice prescribed by the common law, as stated in relevant precedent, is six months, significantly longer than the notice periods prescribed by the terms of Real Property Law § 226-c, which are incorporated into Real Property Law § 232-a.
Cases finding that the notice required by Real Property Law § 232-a is applicable to an ejectment action have done so on the basis of Real Property Law § 226-c's opening paragraph, which states that it applies "[w]henever a landlord . . . does not intend to renew the tenancy [of an occupant in a residential dwelling unit]" (Real Property Law § 226-c[1][a] [emphasis added]; see e.g. Kaycee Props., LLC v Colon, 2023 NY Slip Op 30951[U], *4-5 [Sup Ct, Monroe County 2023]; 1641 Park Ave. Assoc. v Parker, 2022 NY Slip Op 30519[U], *3-4 [Sup Ct, NY County 2022]).
Real Property Law § 232-a, however, incorporates only Real Property Law § 226-c(2), and only for the purpose of defining the notice, which varies according to the length of the lease and the occupancy, that a landlord must provide to a tenant prior to commencing a special proceeding to remove the tenant. Real Property Law § 232-a does not, by its terms, incorporate any other aspect of Real Property Law § 226-c, and "an inference must be drawn that what is omitted or not included was intended to be omitted and excluded" (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995] [internal quotation marks omitted]). "[A] court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact" (id. [internal quotation marks omitted]). "[C]ourts must construe clear and unambiguous statutes as enacted and may not resort to interpretative contrivances to broaden the scope and application of statutes" (People v Pagan, 19 NY3d 368, 370 [2012]).
Despite the advent of the various statutory remedies available to a landlord beset with a recalcitrant tenant, "[t]he common-law principles governing the ejectment action are unchanged, unless explicitly modified by statute" (see Alleyne v Townsley, 110 AD2d 674, 675 [2d Dept 1985]), and no provision of RPAPL article 6, under which plaintiff asserts the ejectment cause of action, prescribes a notice period. Plaintiff, therefore, failed to show that it was entitled to proceed according to the shorter notice period, and its inadequate notice requires that defendant be granted summary judgment dismissing the cause of action for ejectment (see Gerolemou v Soliz, 184 Misc 2d 579, 580 [App Term, 2d Dept 2000]).
To the extent plaintiff argues that defendant is estopped from now claiming entitlement to the longer common-law notice period in this ejectment action because he previously claimed entitlement to 90 days' notice, the argument is unavailing. We note that defendant interposed this argument in the context of a prior summary proceeding commenced by plaintiff — the type of proceeding to which Real Property Law § 232-a applies — where 90 days is the longest notice period prescribed by Real Property Law § 226-c, for tenants who, as here, have been in occupancy for longer than two years. Because plaintiff has not established that the statutory notice period applicable in the summary proceeding applies here, it has not shown that defendant's position here is "directly contrary" to that taken previously (see ALP, Inc. v Moskowitz, 204 AD3d 454, 457 [1st Dept 2022]; see also Matter of Edward D. Jones & Co. v American Stock Exch., LLC, 22 AD3d 319, 320 [1st Dept 2005]).
Because dismissal of the ejectment cause of action results in the continuance of the tenancy, plaintiff remains entitled to rental arrears, rather than use and occupancy, for the entire period of nonpayment. Therefore, the claim for use and occupancy must also be dismissed (see Core Servs. Group, Inc. v Teams Hous. Dev. Corp. Fund, Inc., 2016 NY Slip Op 31634[U], *22 [Sup Ct, NY County 2016]).
We find that under the facts and circumstances as developed by the record, the amount of arrears may be calculated without the need for a hearing. In support of plaintiff's motion for summary judgment, it submitted the affidavit of one of its officers who averred to the amount of arrears owed, based on the records maintained by plaintiff. Defendant did not challenge the amount claimed by plaintiff for arrears or the basis of plaintiff's affiant's knowledge, and acknowledged that the last rent accepted by plaintiff was for the month of December 2022. Defendant admitted to the amount of rent claimed by plaintiff for February through December 2023, and while he denied the lesser amount of rent owed for January 2023 because he "d[id] not know how this sum was calculated," he simultaneously claimed to have paid "the rent" for January 2023, which was the same as that for February through December 2023, and acknowledged that the January 2023 rent was rejected and returned to him by plaintiff.
Therefore, inasmuch as defendant failed to raise an issue of fact as to the duration of his nonpayment and the amount of rent that should have been paid, the rental arrears owed on the breach of contract cause of action may be calculated without the need for a hearing, particularly because there is no longer a need to arrive at the appropriate measure of use and occupancy. Thus, while we decline to grant plaintiff's request for $522,345.80 through April 30, 2025, because it improperly asks this Court to make findings based on matters outside the record (see e.g. Matter of Casanas, 216 AD3d 569, 570 [1st Dept 2023]), we remand the matter to Supreme Court for the purpose of calculating the damages on the breach of contract cause of action.
Supreme Court properly denied an award of prejudgment interest on the rental arrears. The record reflects that plaintiff rejected defendant's rent payments and did not seek a court order to collect rents without prejudice. Prejudgment interest may not be awarded in such circumstances (see e.g. W. 54-7, LLC v Farber, 62 AD3d 485, 485 [1st Dept 2009]).
As to plaintiff's cause of action for attorneys' fees, we take judicial notice of Supreme Court's order, entered on or about April 29, 2025, shortly prior to oral argument of this appeal, that modified the order under appeal solely to the extent of granting summary judgment to plaintiff on that cause of action. Thus, that aspect of plaintiff's cross-appeal has been rendered moot, and is dismissed (see Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; see also Herman v Herman, 121 AD3d 565, 565 [1st Dept 2014]), although the amount of attorneys' fees should be determined at a hearing.
We have considered the parties' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 11, 2025